# DECISIONS

OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1914

## Standard Oil Company v. Marlow, By et al.

(Decided December 18, 1914.)

### Appeal from Pulaski Circuit Court.

1. Damages—Action—Evidence—Instruction.—Where in an action for damages against a corporation and its agent evidence was admitted which was competent against the agent but not against the corporation, an only instruction authorizing a recovery is prejudicial, where it requires the jury to find against both the corporation and the agent if they believe that the agent was negligent.

2. Appeal—Former Opinion—Law of the Case—Instruction.—Where on a former appeal only certain instructions are considered and modified, and the court does not direct that they alone shall be given on another trial, an instruction not criticized is tacitly approved, and becomes the law of the case, and should be given on the second trial, either in that form or in a form that will not materially change the effect thereof.

3. Appeal—Former Opinion—Law of the Case—Instruction.—Where on a former appeal the Court of Appeals indicated errors in certain instructions complained of, the lower court was not precluded from giving on a return of the case a proper instruction on another subject which had been covered by the instruction given on another trial, and not criticized in the opinion.

4. Master and Servant—Injury to Servant—Action for Damages—Evidence of Employment.—In an action for damages for personal injuries by an alleged servant against the master, evidence that the master's manager attempted to employ another boy is not competent to show that the manager employed plaintiff or knew he was engaged in doing certain work.

'O. H. WADDLE & SONS for appellant.

ROBT. HARDING, D. E. McQUEARY and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Joe E. Marlow, an infant, suing by his next friend, brought this action against the Standard Oil Company and its manager, William Uhl, to recover damages for personal injuries. On the first trial of the case he recovered a verdict and judgment against the Standard Oil Company for $3,500, and against William Uhl for $500.00. On appeal to this court the judgment was reversed for errors in the instructions. Standard Oil Co., &c. v. Marlow, 150 Ky., 647. On the return of the case another trial was had which resulted in a verdict and judgment against the Standard Oil Company for $5,000, and against its co-defendant, William Uhl, for $1,000. The Standard Oil Company appeals.

On the second trial several witnesses testified to certain admissions of Uhl made a day or two after the accident which tended to show negligence on his part. As these admissions were not a part of the *res gestae* the trial court admonished the jury that they could not be considered in determining the liability of the Standard Oil Company. Counsel for the Standard Oil Company offered instructions as follows:

"A. In determining the question as to whether defendant Uhl told Cox and Marlow when they quit painting barrels to wash their hands and clothes in gasoline and burn the gasoline, if dirty, in the street, as referred to in instruction No. 1, you will not consider any evidence introduced by plaintiff tending to show that in conversations by Uhl with other parties during the night after the accident said Uhl either admitted or said he had so told said Cox and Marlow, and unless you believe from the evidence independent of such alleged admission or conversation that Uhl did so tell or instruct Cox and Marlow, you will find for defendant, Standard Oil Company.

"B. If you shall find for plaintiff at all you may find against or in favor of either of the defendants, and if you shall find against both of the defendants you may say in your verdict how much of your finding shall be paid by each of the defendants."

It is insisted that the court erred in refusing to give one or the other of the offered instructions or an instruction similar in effect. In support of this proposition counsel relies on the case of C., N. O. & T. P. Ry.

Co. v. Cook's Admr., 113 Ky., 161, where an action for damages was brought against the railroad and its engineer. It appears that some time after the accident the engineer made certain admissions which the court held were competent against him, but were not competent against the company, as they were not part of the *res gestae*. At the time the evidence was received the court admonished the jury that the evidence was not competent against the company, but was competent only against the engineer. The only instruction given by the court required the jury, if they believed that the engineer was negligent, to find against both him and the company. The court held that the admonition of the court that the evidence complained of was not competent against the company was rendered of no effect by the instruction given, which required a finding against both defendants if they believed the engineer was guilty of negligence. The court said:

"The effect of the instruction was, therefore, to deny the company all benefit from the exclusion of this evidence as to it, and place it in the same position it would have occupied if that ruling had not been made."

On the first trial of the case the court gave to the jury six instructions which were offered by the plaintiff, and one instruction which was offered by the defendant. Instruction No. 1 authorized a finding against defendant, Standard Oil Company, if they believed that Uhl or Cox, a painter, employed by Uhl, was negligent. Instruction No. 2 authorized a finding against both defendants if they believed that Uhl was negligent. Instruction No. 3 prescribed the measure of damages. Instruction No. 4 defined gross negligence. Instruction No. 5 defined ordinary care. Instruction No. 6 covered the question of contributory negligence. Instruction D, which was the 7th instruction, was as follows:

"If you shall find for plaintiff at all you may find against or in favor of either of the defendants, and if you shall find against both of the defendants you may say in your verdict how much of your finding shall be paid by each of the defendants."

In the opinion on the first appeal the court did not set forth all the instructions given, but set forth instructions 1, 2 and 3. Instruction No. 1 was held erroneous because neither Uhl nor the company was responsible for the action of Cox, who was not their agent. Instruction No. 2 was modified in certain respects and directed to be

given on another trial. It was further held that no instruction on gross negligence should be given. The court also said that a certain instruction offered by defendant should have been given. The court did not criticise instruction D, or direct that it should not be given. The court did not say that on another trial the trial court should have instructed the jury as follows, and then set out the instructions to be given. It did not in terms or by implication say that the instructions considered by the court were all the instructions that should be given on the next trial. It is well settled that where the instructions given on a trial are before this court and not criticised, they are tacitly approved, and become the law of the case. Louisville & A. R. Co. v. Cox's Admr., 125 S. W., 1056. As instruction D, authorizing a finding against either of the defendants or both, was not criticized on the former appeal, but was tacitly approved, it became a part of the law of the case, and should have been given either in that form or in a form that would not have materially changed the effect thereof. If it were not the rule that an instruction not criticised, but tacitly approved on a former appeal should be given, then the trial court in this instance would not have been justified in giving instructions defining ordinary care and contributory negligence, given on the first trial. As the court on the first appeal considered only certain instructions, and did not say that they were all the instructions to be given on the next trial, the trial court was not precluded by the former opinion from giving instruction A offered by the defendant, or one similar in effect. Instruction D was asked on the first trial by the defendants, and was given on their motion. They appealed. There was no complaint on that appeal of the instructions which had been given on their motion, and the attention of the court was not directed to them. When this court indicated errors in certain instructions which were there complained of, the lower court was not precluded from giving on the return of the case a proper instruction on another subject which had been covered by an instruction given on the other trial and not criticised in the opinion. That the action was prejudicial there can be no doubt, for the admonition of the court that Uhl's admissions were not competent against the Standard Oil Company was rendered of no effect by the instruction of the court which required a finding against both defendants if the jury believed that Uhl

was negligent. A reversal of the case, therefore, cannot be avoided unless the well established rule laid down in C., N. O. & T. P. Ry. Co. v. Cook's Admr., *supra*, be disregarded.

The trial court should not have permitted plaintiff to prove that Uhl, a short time before the accident to plaintiff, attempted to hire a boy by the name of Hughes to assist Cox in painting the barrels. This evidence introduced an issue entirely foreign to the case. The effort to employ Hughes has no bearing on the employment of Marlow or defendant's knowledge that he was engaged in assisting Cox. The fact that an effort was made to employ one boy does not tend to show that Uhl employed plaintiff or knew that he was engaged in assisting Cox.

In view of the foregoing, we deem it unnecessary to determine whether or not the verdict is excessive.

In view of the fact that instruction A offered by the defendant on the last trial more clearly presents defendant's case with respect to the admissions of Uhl, the court will give that instruction instead of instruction B. It will also give the same instructions given on the second trial.

Judgment reversed and cause remanded for new trial consistent with this opinion.

Whole court sitting, Judge Nunn dissenting.