## MEADOR v. ROBINSON.

Court of Appeals of Kentucky.

Dec. 18, 1953.

N. F. Harper, Scottsville, for appellant.

Joe B. Orr, Bowling Green, for appellee.

DUNCAN, Justice.

These consolidated actions arise out of a contract between the parties by which appellee agreed to furnish materials and labor in the heating, plumbing, and wiring of a new home which appellant constructed in Scottsville. Appellant filed the first action, seeking damages in the amount of $2,000 on account of appellee's failure to perform the agreement, and appellee, by his separate action, sought $1,310.50 for the balance of the contract price. The cases were consolidated, and the Chancellor awarded appellee a judgment for $591.87.

The contract between the parties was oral and provided, in substance, that appellant should pay appellee the cost of the materials used and current wage rates for installation. There was no contractor employed to build the house and there were no plans, specifications, or blueprints. Appellant, apparently, acted as his own superintendent, assisted to some extent by the man who did his carpentry work. Under the circumstances, it is not surprising that disagreements and controversies have arisen.

Appellant contends that the plumbing was not installed in a workmanlike manner and that appellee, during installation of the furnace, improperly sawed through two joists, thereby allowing the floors to sag. The Chancellor awarded appellant $119.63 for the amount expended in correcting the faulty plumbing but denied recovery on account of the sagging floors because of appellant's failure to minimize the damages. The judgment also reduced appellee's labor claim by $598.75 because the court regarded that item as being too high.

Appellant insists that inasmuch as there was a failure to completely perform the contract there can be no recovery. The contention overlooks the substantial performance doctrine, which is universally applied by the courts of this and other states. Under the rule, a builder, upon substantial performance, is entitled to recovery of the contract price notwithstanding the work may have been defective or incomplete. The remedy of the owner is the recovery of damages on account of incomplete or defective work. Cassinelli. v. Stacy, 238, Ky. 827, 38 S.W.2d 980.

The evidence, although conflicting, abundantly supports the finding of the Chancellor upon all contested items.

The judgment is affirmed.