**THOROUGHBRED MOTOR COURT, Inc., et al., Appellants,**

v.

**The ALLEN COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

June 8, 1956.

As Modified on Denial of Rehearing Dec. 14, 1956.

Robert H. Hays, Lexington, William Hays, Winchester, for appellants.

Beverly P. White, Winchester, John Y. Brown, Lexington, for appellee.

STEWART, Judge.

The Allen Company, Inc., (appellee-plaintiff) sought in this action against defendants, Thoroughbred Motor Court, Inc., and its directors, (appellants-defendants) to recover $20,462.72 under a cost-plus contract for work done in the erection of a motor court. Plaintiff's fee was fixed at "a sum equal to 10% of the total cost thereof." Defendants counterclaimed for damages in the amount of $19,900, arising, it was alleged, out of unworkmanlike construction and excessive and unnecessary use of material and labor in respect to carrying out the contract. Plaintiff recovered $19,194.-51, which signifies defendants' counterclaim was rejected. We shall refer throughout to The Allen Company as "plaintiff" and to Thoroughbred Motor Court as "defendants".

This is a second appeal. On the first trial plaintiff recovered judgment against defendants for $11,573.55, and, being dissatisfied with the result, it appealed to this Court. That judgment was reversed (1) because Harry Barnhart, the president of Thoroughbred Motor Court, who was allowed over plaintiff's objection to testify as to the diminution in value of the motor court by reason of its alleged faulty construction, did not establish himself to be a competent witness to give such testimony; (2) because Instruction No. 3 permitted the jury to find damages for defendants not asserted by their pleadings and in excess of the amount shown by the evidence; and (3) because Instruction No. 5 was unau-

thorized for the reason that it was not based upon any issue formed by the pleadings. See Allen Company, Inc., v. Thoroughbred Motor Court, Inc., Ky., 272 S.W.2d 343.

Certain grounds arising out of the second trial are urged for reversal on this appeal, and we shall resolve each of these in the course of this opinion. One of the first issues raised is that the trial court refused to give the instructions offered by defendants and gave its own instructions, and defendants maintain Instruction No. 7 was not supported by any evidence. We believe this contention is meritorious.

Instruction No. 7 told the jury that if any of the defendants were present while the construction of the motor court was in progress, and that if they undertook to direct the manner in which the work was to be performed, made changes in the plans and specifications, and selected and purchased items of materials to be used in the structure, then it was the duty of plaintiff to use ordinary care and skill to construct the building in a proper and workmanlike manner, and that if plaintiff did exercise ordinary care and skill to erect the motor court in a proper and workmanlike manner, and that if defects did nevertheless show up in the building but such were the result of errors or mistakes made in good faith, then the jury should find for plaintiff on defendants' counterclaim.

The record shows that, although defendants, Harry Barnhart and his wife, Louise Barnhart, two of the principal owners of the stock of Thoroughbred Motor Court, were often present at the construction site, they did nothing more than ask questions and make suggestions as any interested property owners would do under the circumstances. The evidence does not reveal that any of the defendants took over direction of the labor on the motor court, or brought about adjustments in the plans and specifications, unless by agreement, or selected and bought items of materials to be used in the building, except that, in one or two instances, purchases were made at the request or for the convenience of plain-

tiff. In view of the foregoing, we believe there was no basis in the evidence for submitting Instruction No. 7 to the jury. Unquestionably, the most pernicious part of this instruction is that portion which charged the jury that, even if imperfections did appear in the motor court, plaintiff would be excused if such flaws were the result of slips or miscalculations committed in good faith. It is axiomatic that a negligent act from which damages flow cannot be condoned by a mere showing that the person who was delinquent never intended the mishap to occur.

■ Plaintiff contends Instruction No. 7 was given at the first trial, it was before this Court on the first appeal and it was not then criticized by defendants, with the result that this instruction was tacitly approved and has become the law of the case. Standard Oil Company v. Marlow, 162 Ky. 1, 171 S.W. 436, is relied on for this position. That case is not analogous to the situation here because it involved an appeal brought up a second time by the same appellant. It is clear any question relative to the correctness of Instruction No. 7 was not adjudicated by this Court on the first appeal for two reasons. One is that plaintiff heretofore appealed from a former judgment which was satisfactory to defendants and plaintiff in that appeal elected to cast its grounds for reversal on alleged errors that did not call upon this Court to give any consideration to the instruction under discussion. The other reason is that this Court in the first appeal specifically limited itself to passing upon only the three errors we set forth in the second paragraph of this opinion. Obviously Instruction No. 7 was not under attack, nor could defendants initiate an attack upon it, in the first opinion.

■ For the reasons shown, we are of the opinion the circuit court erred prejudicially when it gave Instruction No. 7.

We come now to a consideration of other alleged errors that defendants argue the lower court committed. It is manifest there will be another trial of this action and these same questions may confront the court, so that it will be helpful, we believe, to express our views on these questions.

■ Plaintiff included as a cost item a charge for room and meals for two of its employees during the construction period, and it is claimed this amount should have been excluded as a matter of law. We agree. Certainly the incurring of such a debt could not have been within the contemplation of the parties as a necessary expense incident to the undertaking involved here when the contract was entered into.

■ Defendants also complain because the jury allowed plaintiff 10% of the sum expended for the electrical and plumbing installations. It is urged that plaintiff did not earn this fee since this work was sublet to independent contractors. It was plaintiff's responsibility under the contract to select an electrician and a plumber who were skilled and reliable, and it was incumbent upon plaintiff to supervise their work to the end that it would meet all approved tests as to the materials used and the workmanship involved. We believe a jury could reasonably find plaintiff entitled to compensation for these services under a cost-plus agreement.

■ Defendants next argue that the jury's verdict was flagrantly against the evidence and should be set aside. The position is taken that plaintiff's alleged faulty execution of the contract caused defendants to sustain damages because of the unworkmanlike construction of the building and because of the improper and excessive amount of labor and materials used therein. Although it is asserted the evidence is uncontradicted on these two points, the record discloses there was testimony that tended to negate these two contentions. Thus it is clear these were questions to be determined by a jury.

On August 18, 1951, pending the first appeal of this case, defendants tendered unto plaintiff $12,291.11, the full amount of the judgment recovered and the accrued cost,

and this tender was made on condition that it be considered full settlement of the claim against them. This offer was rejected and plaintiff prosecuted an appeal with the result heretofore mentioned. In the meantime, this sum was then paid into court where it has remained. Defendants insist the payment of this sum into court stopped the running of interest on this amount from the above date, whereas plaintiff contends this payment constituted nothing more than a continuing offer, so that this money could have been withdrawn at any time by defendants. It is our view that inasmuch as we have determined a new trial is necessary in this action and this new trial could result in any amount of damages, or none, an attempt to pass upon this issue at this time would be premature.

Wherefore, the judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.