Philip SHREVE and Ladonna
Shreve, Appellants,

v.

Jimmie BIGGERSTAFF, Appellee.

No. 88–CA–2247–MR.

Court of Appeals of Kentucky.

Oct. 6, 1989.

Harry L. Mathison, King, Deep and Branaman, Henderson, for appellants.

Ulvester Walker, Henderson, for appellee.

Before CLAYTON, ELSWICK and McDONALD, JJ.

McDONALD, Judge:

Appellants Philip and Ladonna Shreve initiated this action for damages resulting from breach of contract. The appellee, Jimmie Biggerstaff, defendant below, counterclaimed. A jury trial resulted in a judgment for Biggerstaff on both the direct claim and the counterclaim, and the Shreves appeal.

The origin of this dispute was an oral contract between the parties, the terms of which, of course, are hotly contested. At the very least Biggerstaff agreed to install in the Shreves' home a "heatalator"-type fireplace and chimney. He also hung drywall for them and installed a wood-burning furnace in their basement. The parties do not agree on whether the latter work was part of the original contract, and thus included in the $2500 price quoted by Biggerstaff. In any event, no further negotiations took place concerning money, except in one instance when Philip Shreve agreed to pay Biggerstaff an additional $200, thus bringing the Shreves' total payments to $2700. In his counterclaim Biggerstaff alleged that the Shreves still owed him $3199 for materials and services. The jury awarded him $3100, and the Shreves nothing.

The one fact which is not and has never been in dispute is that the chimney Biggerstaff built was defective. The bricks in the barrier between the chimney and the flue were laid sideways, which created a large number of holes that allowed creosote to leak from the flue. This in effect ruined the chimney, so that it had to be torn down and rebuilt entirely (by a different contractor) at a cost to the Shreves of $2300.

The Shreves' first argument on appeal is that the following instruction to the jury was improper:

[I]f you believe that the plaintiffs were aware or became aware that defendant was not experienced in such construction nor had any expertise in such construction but allowed him to proceed anyway and that defendant undertook such construction and performed his work to the best of his ability, then you should find for the defendant and award him such sum as will reasonably compensate him for the work he performed and the materials he furnished, less the sum of $2700.00 which has been paid to him.

The appellants assert that this instruction was not an accurate statement of the law. We agree. Generally speaking, the obligations of a contractor are as follows:

In the performance of a building and construction contract it is the duty of the contractor to perform his work in a proper and workmanlike manner.... Where the contractor fails to perform in a workmanlike manner, he is liable for defects resulting from that failure, notwithstanding the work is done according to the best of his skill, knowledge, and ability in accordance with his contract; and performance in such a manner is not excused by the fact that the contractor is incapable[.]

17A C.J.S. *Contracts* § 494(2)b at 714–15. The instruction at issue told the jury that the Shreves, by contracting with an admittedly inexperienced contractor, agreed to accept whatever shoddy work he could muster while waiving their right to damages. This is, at least, inaccurate. *See Thoroughbred Motor Court, Inc. v. Allen Co.*, Ky., 296 S.W.2d 690 (1956). It is true that a waiver may occur under certain circumstances, for instance where the contractee, "having knowledge of the defects, has stood by silently and then accepted the work as a sufficient compliance with the contract and later raises objection." *Weil v. B.E. Buffaloe & Co.*, 251 Ky. 673, 65 S.W.2d 704, 710 (1933). The Shreves, however, knew even less about chimney construction than did Biggerstaff, and the defects in the chimney were not discoverable until creosote began pouring out of the flue. Nor did the Shreves forfeit their claim for damages by "taking possession and assuming control of the [chimney] or by not discovering all of the defects or omissions in its construction[.]" *Cassinelli v. Stacy*, 238 Ky. 827, 38 S.W.2d 980, 985 (1931).

The Shreves have also made the argument that the verdict was not supported by the evidence. The standard for reversing jury verdicts is admittedly high, and we would not disturb this one if it were supported by substantial evidence. *Southern Railway Co. v. Kelly Construction Co.*, Ky., 406 S.W.2d 305 (1966). However, this is a rare example in which we agree with the appellants. The Shreves suffered undisputed damages of $2300 directly as a result of Biggerstaff's defective work, and yet were allowed no set-off against their obligation to pay the contract price.

Once again, however, we think the explanation for the anomalous verdict can be traced to the improper instruction. The jury should have been instructed on the doctrine of substantial performance, which has been explained in this manner:

> Under the rule, a builder, upon substantial performance, is entitled to recovery of the contract price notwithstanding the work may have been defective or incomplete. The remedy of the owner is the recovery of damages on account of incomplete or defective work.

*Meador v. Robinson*, Ky., 263 S.W.2d 118 (1953). As is evident, this rule is two-part. Not only is the contractor allowed recovery of the contract price; of equal importance is the contractee's right to recover damages. Without the second half of this rule "substantial performance" would simply amount to a windfall for the breaching contractor. We think that the objected-to instruction did not accurately state the relative rights of the parties in this regard. It put the jury in an either/or position, forcing them to choose between finding for the plaintiffs or finding for the defendant.

The appellants' final position is that they were entitled to a directed verdict on Biggerstaff's counterclaim.

We disagree. There was some evidence, and the jury could have believed, that at least part of Biggerstaff's work fell outside the original contract and was to be performed on a cost-plus basis. However, we think the award to Biggerstaff, like the denial of recovery to the Shreves, was tainted by the improper instruction dis-

cussed earlier. Thus, we must remand this entire matter to the Henderson Circuit Court for a new trial on all issues.

The judgment is reversed and remanded for further proceedings in accordance with this opinion.

ALL CONCUR.