**Michael TAYLOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2010–CA–000674–MR.**

Court of Appeals of Kentucky.

Oct. 21, 2011.

Michael Taylor, Central City, KY, pro se.

Jack Conway, Attorney General of Kentucky, Michael J. Marsch, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, MOORE, and STUMBO, Judges.

## OPINION

STUMBO, Judge:

Michael Taylor appeals from an order of the Hardin Circuit Court denying his Petition to Declare Defendant Victim of Domestic Abuse Under Kentucky Revised Statutes (KRS) 439.3402 and Motion to Reopen prior Kentucky Rules of Criminal Procedure (RCr) 11.42 proceedings. Taylor contends that the court erred in concluding that his petition and motion were barred by the final status of prior post-conviction motions. We find no error and, accordingly, affirm the order on appeal.

In 2001, the Hardin County Grand Jury indicted Taylor on one count of First-Degree Assault after it was alleged that Taylor attacked his father with a knife. He subsequently pled guilty to the charge in exchange for the Commonwealth's recommendation of a ten-year sentence, to be probated for five years. The plea included Taylor's participation in the standard plea colloquy and was followed by the court's determination that his plea was knowingly, voluntarily and intelligently made. Final judgment was rendered on October 2, 2002, and Taylor was sentenced in accordance with the Commonwealth's recommendation. Taylor's probation subsequently was revoked after he committed numerous violations, and the trial court would later opine that "Taylor should not have been granted probation in the first place" because of his violent offender status.

On June 9, 2008, Taylor filed a Motion to Vacate or Set Aside the Judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(e), or, in the alternative, RCr 11.42. As a basis for the motion, Taylor claimed that his parole eligibility calculation should be 20% rather than 85%. The motion was denied, and Taylor prosecuted a *pro se* appeal. A panel of this Court affirmed the denial of Taylor's motion, and the Kentucky Supreme Court denied discretionary review by an order rendered on March 10, 2010.

On March 25, 2010, Taylor filed a Petition to Declare Defendant Victim of Domestic Abuse Under KRS 439.3402, as well as a Motion to Reopen RCr 11.42 proceedings. The following day, the circuit court rendered an order denying the petition and motion upon finding that they were barred by the final disposition of his previous post-trial motions. This appeal followed.

Taylor now argues *pro se* that the circuit court erred in denying his KRS 439.3402 petition and motion to reopen the RCr 11.42 proceedings. He contends that that court improperly determined that he moved for KRS 439.3402 relief "and" RCr 11.42 relief as opposed to the disjunctive word "or." Taylor also argues that the court erred in concluding that his petition for KRS 439.3402 relief should have been brought, if at all, as part of his prior CR 60.02 and RCr 11.42 motions for relief. He maintains that KRS 439.3402 relief is a wholly separate matter which was not required to be addressed in conjunction with the prior motions, and contends that any error in the preparation of the motions was the fault of his fellow prisoner and legal aide who prepared the motions. Finally, Taylor contends that the trial court failed to properly exercise its duty to liberally construe *pro se* motions, which are made without the benefit of counsel.

We have closely examined Taylor's arguments and find no error in the order on

appeal. Taylor's argument centers on the application of KRS 439.3402, which provides in relevant part that a defendant who would otherwise be characterized as a violent offender under KRS 439.3401 may avoid the provision denying parole for violent offenders if he or she is determined to be a victim of domestic violence. We are not persuaded by his contention that he must be allowed to prosecute a motion arising under KRS 439.3402 irrespective of the number or disposition of his prior motions for post-judgment relief. The circuit court determined that the KRS 439.3402 motion for relief should have been brought, if at all, either at sentencing, on direct appeal, or by way of Taylor's motions for RCr 11.42 and CR 60.02 relief. We find no error in that determination. A panel of this Court addressed the same issue now before us in the unpublished opinion in *Worthington v. Commonwealth*, 2007 WL 1784092 (Ky.App.2007) (2006–CA–001337–MR).[1] That panel held in relevant part that,

> Worthington presents an issue that was known to him or could have been discovered prior to his direct appeal or his RCr 11.42 motion. He did not raise the issue of entitlement to an exception from his violent offender status in either of those appeals. The judgment itself reflected that Worthington qualified for violent offender status. He is now barred from attempting to relitigate an issue that could have reasonably been

brought in his direct appeal or in his RCr 11.42 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky.1983). *Id.* at *1.

We find the analysis in *Worthington* persuasive and, therefore, dispose of Taylor's claim on the same basis. His claim of entitlement to the status of victim of domestic violence should have been brought at the time of sentencing, on direct appeal, or by way of his RCr 11.42 motion.[2] Additionally, any argument relating to the application of KRS 439.3402 is moot because the record reveals that Taylor has repeatedly violated the terms of his probation, thus resulting in probation revocation. Finally, we are not persuaded by Taylor's contention that the circuit court improperly failed to use "liberal construction and application as applied to pro-se actions." The caselaw to which Taylor cites requires a trial court to liberally construe *pro se* pleadings to extract the appellant's intent and bring about a full adjudication of the relevant issues and not, as Taylor contends, to liberally construe the law in favor of a *pro se* movant. We find no error.

For the foregoing reasons, we affirm the order of the Hardin Circuit Court.

ALL CONCUR.

---

1. Kentucky appellate decisions rendered after January 1, 2003, may be cited if there is no published opinion that would adequately address the issue before the court.

2. See also, *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky.1983), which held that the "structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in

CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin* defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief."