**Roger ADKINS, Appellant**

**v.**

**WRIGHTWAY READYMIX, LLC, Appellees**

**NO. 2014-CA-001644-MR**

Court of Appeals of Kentucky.

RENDERED: AUGUST 26, 2016

BRIEF FOR APPELLANT: Roger Adkins (Pro Se), Fords Branch, KY

BRIEF FOR APPELLEE: David L. Baird, Pikeville, KY

BEFORE: COMBS, D. LAMBERT AND VANMETER, JUDGES.

## OPINION

### D. LAMBERT, JUDGE:

This matter is before the Court on appeal from an order entered by the Pike Circuit Court, which sustained a motion to dismiss filed by the Appellee, Wrightway Ready Mix, LLC (hereinafter "Wrightway"). For the reasons herein described, we affirm the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

The operative facts of this appeal are not in dispute. The Appellant, Roger Adkins, is a self-employed contractor. He appeared *pro se* at every stage of the proceedings below. Wrightway is a limited liability company engaged in the business of supplying concrete to its customers. The facts of their transaction are disputed, though the specifics of the course of dealing between the parties are immaterial for the purposes of this review.

The most important fact is undisputed: the parties' course of dealing resulted in a small claims complaint being filed on December 8, 2008, in Pike District Court, by Wrightway against Adkins. Wrightway sought to collect on an unpaid alleged debt. Rather than retaining counsel or filing a proper answer to the complaint, Adkins filed a multi-purpose pleading entitled "Motion to Dismiss, Motion to Indict, Motion for Counterclaim, Motion for Kentucky State Police Investigation." In this pleading, Adkins asserted a counterclaim seeking punitive damages in the amount of $250,000 for "unethical business practices" including "knowingly fil[ing] false papers in Court...." The Pike District Court treated this as a counterclaim for wrongful use of civil proceedings and, since the

amount in controversy in the matter now exceeded the jurisdictional limits of district court, ordered the matter transferred to Pike Circuit Court on February 16, 2009.

Wrightway moved for summary judgment in the Pike Circuit Court on its debt collection action. The circuit court denied the still-pending motion to dismiss that Adkins had filed before the district court and set Wrightway's summary judgment motion for hearing. Following the hearing, the circuit court denied the summary judgment motion in a two-line order without further elaboration.

The litigation continued and became contentious at nearly every opportunity. Discovery became an issue, necessitating that the circuit court issue an order compelling Adkins to appear for deposition. Adkins also continually conflated the nature of these proceedings with a criminal action, including making motions for the appointment of a special prosecutor. Following a series of adverse rulings, Adkins moved the trial court judge to recuse himself on June 20, 2014. The motion to recuse alleged, but offered no proof, that the managing member of Wrightway and Wrightway's counsel had both donated to the trial judge's prior election campaigns. The trial court denied this motion following a hearing at which Adkins failed to appear, then denied Adkins' "notice to recall" the motion to recuse for another hearing at a time more convenient to him.

This litigation came to a close when the trial court granted a motion to dismiss filed by Wrightway on September 10, 2014. As the basis for the motion, Wrightway noted that Adkins had filed a petition for Chapter 13 bankruptcy protection on July 6, 2010. Wrightway filed a Proof of Claim as an unsecured creditor, to which Adkins did not object. In its motion, Wrightway stated that the debt had been satisfied according to the bankruptcy plan. Further,

because the underlying claim (to collect the debt) was not resolved in Adkins' favor, his counterclaim failed as a matter of law.

The trial court agreed:

As the Court understands the Defendant's Counter-claim, it is his complaint that the Plaintiff has alleged falsehoods and was seeking to collect money for worthless concrete. If taken at face value, the Defendant is saying the Plaintiff did not have probable grounds to file this action against him, in other words an abuse of civil process. To maintain an abuse of civil process claim, the Defendant would have to prove that the Plaintiff's claim against him was terminated in his favor. However, the Plaintiff's claim was not terminated in his favor, it was terminated because the Defendant filed bankruptcy. Therefore the Defendant may not maintain this action.

This appeal followed.

## ANALYSIS

### A. THE TRIAL COURT DID NOT ERR IN DISMISSING ADKINS' COUNTERCLAIM

█ As a preface to the Court analysis, we would repeat the notion of a duty incumbent on trial courts to "liberally construe *pro se* pleadings to extract the [*pro se* litigant]'s intent and bring about a full adjudication of the relevant issues." *Taylor v. Commonwealth*, 354 S.W.3d 592, 594 (Ky.App.2011). Both the district and circuit courts admirably carried out this duty here, affording Adkins with opportunities to have his grievances redressed over a period of six years. The courts below accurately and generously interpreted Adkins' pleadings as asserting a cognizable cause of action in his counterclaim, wrongful use of civil proceedings.

Dismissal in this instance was governed by Civil Rule 12.02(f) as a failure to state a claim for which relief may be granted. The Kentucky Supreme Court conducted a thorough examination of the standard of review for motions to dismiss for failure to state a claim upon which relief can be granted in 2010:

A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter if law. Stated another way, the court must ask "if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317, S.W.3d 1, 7 (Ky. 2010) (internal citations and quotations omitted).

█ "Public policy requires that all persons be able to freely resort to the courts for redress of a wrong, and the law should and does protect them when they commence a civil tort action in good faith and upon reasonable grounds." *Prewitt v. Sexton*, 777 S.W.2d 891, 895 (Ky.1989). That public policy consideration makes up the precise reason that the law demands strict compliance with the elements of an action for wrongful use of civil proceedings. *D'Angelo v. Mussler*, 290 S.W.3d 75, 79 (Ky.App.2009). The elements of proof

required for recovery for this tort are: 1) the institution or continuation of original judicial proceedings, 2) by, or at the insistence of, the plaintiff, 3) the termination of such proceedings in defendant's favor, 4) a wrongful purpose in the institution or continuation of such proceeding, 5) lack of probable cause for the proceeding, and 6) the suffering of damage as a result of the proceeding. *Id.* (citing *Smith v. Smith*, 296 Ky. 785, 178 S.W.2d 613 (1944)).

[4] Here, Wrightway moved to dismiss its complaint on the basis that it was already receiving the relief via the bankruptcy proceedings that it would have received if it had continued this litigation. The original claim in this action was stayed by operation of federal law; it was no longer possible for Wrightway to assert its state law claim against Adkins. Moreover, by failing to dispute Wrightway's claim and presenting it as part of the plan approved by the bankruptcy court, Adkins conceded the legitimacy of the debt in the bankruptcy action, an admission which is not lost on this Court. The only authorities offered by Adkins on this issue concern the standard of review for summary judgment motions; he offers nothing addressing the substance of the issue.

There is no set of facts under which Adkins would be entitled to recover. He has failed to offer proof of compliance with an essential element under *D'Angelo*. The termination of the underlying action was ordered upon the motion of the party who instituted it because that party had been compensated to the fullest extend allowed by federal law. The trial court correctly concluded that the termination of the debt collection action was not in Adkins' favor.

## B. THE TRIAL COURT DID NOT ERR IN DENYING THE MOTION TO RECUSE

Judges of this Commonwealth have a "duty to sit" absent valid reasons for recusal. *Commonwealth of Kentucky, Revenue Cabinet v. Smith*, 875 S.W.2d 873, 879 (Ky.1994). Appellate courts apply an abuse of discretion standard when reviewing a trial court judge's denial of a motion to recuse. *Minks v. Commonwealth*, 427 S.W.3d 802, 806 (Ky.2014). An appellate court must reverse a trial court's ruling as an abuse of discretion if it was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

Adkins' basis for demanding the trial judge recuse himself consists of his own bare allegation that a member of Wrightway and Wrightway's counsel had made contributions to the trial judge's election campaigns. As support for this contention, Adkins offered the following citation: "('Sec. of State, public record')." He generally invokes KRS 26A.015, but does not state a basis from that statute upon which the trial judge was supposed to have been disqualified, forcing this Court to presume he intended to invoke the provisions of subsection (e).

In *Dean v. Bondurant*, 193 S.W.3d 744 (Ky.2006), a litigant moved for one of the Justices of the Kentucky Supreme Court to recuse from ruling on a motion for discretionary review. The litigant argued that campaign contributions the justice had received from lawyers appearing before the court merited recusal. Although the challenged justice ultimately decided to voluntarily recuse, the opinion noted that no case requires recusal "merely based on a campaign contribution within the state's campaign donation limits." *Id.* at 752. This is precisely the argument Adkins makes.

Additionally, the doctrine of waiver justifies the trial court's denial of the mo-

tion to recuse. "A motion for recusal should be made immediately upon discovery of the facts upon which the disqualification rests. *Bailey v. Bailey*, Ky., 474 S.W.2d 389 (1972); *Kohler v. Commonwealth*, Ky., 492 S.W.2d 198 (1973). Otherwise, it will be waived." *Bussell v. Commonwealth*, 882 S.W.2d 111, 113 (Ky.1994). The *Bussell* Court affirmed the trial court's denial of the motion to recuse, specifically because the defendant either had known or should have known of the basis for such motion for more than five months, yet waited until only a few days prior to trial to act on that information.

In this case, the circuit court assumed jurisdiction over the matter in early 2009. At that time Adkins knew the identity of the judge assigned to the matter. A quick glance at the websites of the Kentucky Secretary of State and the Kentucky Registry of Election Finance reveals that Shannon Wright, the principal of Wrightway, had made campaign contributions to the trial judge in 2006, as had Wrightway's counsel.[1] Thus, Adkins' claimed basis for recusal existed as soon as the case was transferred from Pike District Court to Pike Circuit Court. He was obligated at that time to file his motion for recusal, *i.e.*, when he knew or should have known of the facts possibly requiring recusal. Since he did not, he waived recusal.

Given the dearth of evidence of bias on the part of the trial judge, and the language of *Dean v. Bondurant*, coupled with Adkins' procedural waiver, this Court cannot conclude that the trial judge acted arbitrarily, unreasonably, unfairly, or that the decision lacked support from sound legal principles. The trial court, therefore, did not abuse its discretion.

Related to the issue of recusal, Adkins contends that Wrightway's counsel should be disqualified from further representation in this case. However, the first mention of disqualification of counsel is found in Adkins' brief to this Court. It is, therefore, not properly before this Court on appeal, and we need not address it.

### III. CONCLUSION

This Court, having reviewed the record and finding no error, hereby AFFIRMS the trial court's dismissal of this action.

ALL CONCUR.

---

1. Kentucky Registry of Election Finance On-Line Database (http://www.kref.state.ky.us/krefsearch/) (accessed 13 Jul. 2016); and Kentucky Secretary of State FastTrack Business Organization Search (https://app.sos.ky.gov/ftsearch/) (accessed 13 Jul. 2016). We note that a court may take judicial notice at any stage of a proceeding. KRE 201(f).