RENDERED:  DECEMBER 15, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0062-MR

RODGER SPARKS                                                                          APPELLANT

v.
APPEAL FROM JACKSON CIRCUIT COURT
HONORABLE OSCAR G. HOUSE, JUDGE
ACTION NO. 19-CI-00140

MICHAEL ROSE                                                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Rodger Sparks ("Appellant") appeals from a trial

order and judgment of the Jackson Circuit Court in favor of Michael Rose

("Appellee") in Appellant's claim alleging breach of contract.  Appellant argues

that the circuit court erred in finding that the parties did not enter into a contract,

when the parties acknowledged the existence of a contract.  He also argues that the

court's delay in ruling on the matter for 575 days improperly prejudiced the

proceedings against him, and that the court made a hasty ruling in retaliation on the

day after he filed a motion for a ruling. He seeks an opinion reversing the judgment, remanding the matter for new proceedings, and appointing a new trial judge. After careful review, we conclude that the parties' mutual agreement as to the existence of a contract, coupled with underlying facts including the exchange of payment for the installation of custom-made kitchen cabinets, demonstrates the existence of an implied contract. Accordingly, we reverse the judgment on appeal and remand the matter to the Jackson Circuit Court.

**FACTS AND PROCEDURAL HISTORY**

According to Appellant, he is a cabinet maker in Jackson County, Kentucky, who has operated a successful business for more than 30 years. He alleged that in February 2019, Appellee asked him to build and install cabinets in Appellee's new home that was under construction. Appellant alleged that the parties discussed the project, agreed on specifications, drew up plans for the installation, and mutually agreed via text messages on an estimated cost of $27,300.00.

According to Appellant, Appellee made payments of $10,000.00 and $3,000.00 in April 2019, and July 2019, respectively. Appellant alleged that Appellee then made changes to the plans which increased the cost by $11,700.00, and undertook some demolition on his own that reduced the project cost by $4,800.00. According to Appellant, this left a balance owing of $21,200.00.

Appellant alleged that after the work was completed, he requested payment of the balance. It was then that, according to Appellant, Appellee complained about the workmanship of the cabinetry. Appellant alleged that he agreed to fix anything to Appellee's satisfaction, but Appellee refused and also refused to pay the balance.

Thereafter, Appellant filed the instant action against Appellee in Jackson Circuit Court alleging breach of contract. Appellee answered with a general denial and filed a counterclaim alleging breach of contract, promissory estoppel, and negligence. The matter proceeded to a bench trial on June 14, 2021, where oral and documentary evidence was submitted, and the parties' arguments were heard. After the conclusion of the trial, the matter languished without action for approximately 17 months. Appellant asserts that he was reluctant to file a motion for a judgment for fear of angering Judge Oscar Gayle House.

On January 5, 2023, the circuit court entered a notice to dismiss for lack of prosecution. In response, on January 9, 2023, Appellant filed a motion for a judgment. The following day, the circuit court rendered the judgment now before us. The court found in relevant part that Appellant had not proved the existence of a contract between the parties, and therefore denied Appellant's claim for damages arising from Appellee's alleged breach of contract. The court then addressed Appellee's counterclaims. Having found no contract to exist, the court

-3-

denied Count 1 of the counterclaim alleging breach of contract. Count 2 of the counterclaim set forth a claim of promissory estoppel. The court ruled in favor of Appellee on this claim, upon finding that Appellant breached his promise to build and install custom cabinetry in a workmanlike manner. Lastly, the court sustained Count 3 of Appellee's counterclaim alleging negligence. It found that there were several workmanship errors in the construction and installation of the cabinets that were due to the negligent workmanship of Appellant. The court determined that as a proximate result of Appellant's negligent workmanship, Appellee suffered injury due to having to repair or replace the cabinets. The court awarded nothing to Appellant on his claim of breach of contract, $10,600 to Appellee based on Counts 2 and 3 of Appellee's counterclaim, and $3,000 in attorney fees to Appellee. This appeal followed.[1]

## ARGUMENTS AND ANALYSIS

Appellant's primary argument on appeal is his contention that the Jackson Circuit Court erred in finding that the parties did not enter into a contract for the construction and installation of cabinets. Appellant argues that the parties are in agreement that a contract exists; that the parties asserted the existence of a

---

[1] Appellant failed to comply with Kentucky Rules of Appellate Procedure ("RAP") 32(A)(3) and (4), requiring ample supportive references to the record in the Statement of the Case and Argument sections of the brief. Per RAP 10(B), we will consider his written argument as if it were compliant with the rules.

contract in the complaint and counterclaim; that Appellee acknowledged the existence of a contract in his answers to interrogatories; and, that text messages were entered into evidence which show the terms of the contract and the parties' acceptance.  Appellee has not filed an Appellee's Brief nor a cross-appeal.

The circuit court correctly determined that the record does not contain an express, written contract setting out the terms of the parties' agreement.  However,

> [a] contract may be inferred wholly or partly from such conduct as justifies the promisee in understanding that the promisor intended to make a promise. *To constitute such a contract there must, of course, be a mutual assent by the parties – a meeting of minds – and also an intentional manifestation of such assent.*  Such manifestation may consist wholly or partly of acts, other than written or spoken words.

*Furtula v. University of Kentucky*, 438 S.W.3d 303, 308 (Ky. 2014), *as modified* (Jun. 23, 2014) (italics in original) (citation omitted).  Further,

> [w]ords are not the only medium of expression.  Conduct may often convey as clearly as words a promise or an assent to a proposed promise, and where no particular requirement of form is made by the law a condition of the validity or enforceability of a contract, there is no distinction in the effect of a promise whether it is expressed (1) in writing, (2) orally, (3) in acts, or (4) partly in one of these ways and partly in others.

*Kellum v. Browning's Adm'r*, 231 Ky. 308, 314-15, 21 S.W.2d 459, 463 (1929) (internal quotation marks and citation omitted).

-5-

Though Appellant has not cited to the record in compliance with RAP 32(A)(3) and (4), our review of the record shows that: 1) Appellant's complaint asserts that the parties entered into a contract whereby Appellant would build and install cabinetry for a certain payment; 2) Appellee's answer states that the parties entered into the contract; 3) Appellee's answers to interrogatories state that the parties entered into the contract; and, 4) text messages show the parties negotiating the terms of the agreement, the price at $27,300.00, and Appellee stating "we are in business on everything," indicating his assent to the estimate.

Further, the parties agree, and the record so demonstrates, that the parties made certain changes to the terms of the installation as the project progressed, that Appellant installed the cabinetry, and that Appellee made a payment – though the quality of the installation and the amount of payment are in dispute. In addition, the circuit court found that Appellant, "promised to build and install custom cabinetry in . . . [Appellee's] newly constructed home in a workmanlike manner," and that Appellee "has paid a substantial amount of the agreed upon price."

Thus, the parties agree that they entered into a contract; the pleadings and record evince their agreement; both parties performed under the agreement; and, the circuit court found that Appellant promised to build and install the cabinetry in a workmanlike manner and at an agreed upon price. Per *Furtula* and

-6-

*Kellum*, *supra*, we conclude that the parties' words and conduct, coupled with their respective promises and performance based on those promises, demonstrate the existence of a contract. The circuit court erred in failing to so find.

Having determined that a contract existed between the parties, we turn to the circuit court's disposition of Appellee's counterclaim. Appellant has not directly argued that the circuit court erred in sustaining Appellee's counterclaims of promissory estoppel and negligence, though it is implicit in his argument that the parties entered into a contract. As a general rule, we will not address issues unless they are preserved for appellate review and raised on appeal by the parties. *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991). There are limited exceptions to this rule, however, where the facts require the appellate court to address issues not raised by the parties.

> Ordinarily, this Court confines itself rather closely to deciding only those issues which the parties present. We take the view that counsel and the courts below have sufficiently identified the issues; that we need not redefine the question in the last stage of the litigation. However, we are constrained by no rule of court or constitutional provision to observe this procedure, and on rare occasions, the facts mandate a departure from the normal practice. *When the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law.*

*Id.* (emphasis added). Thus, having concluded that the circuit court erred in failing to find the existence of a contract, we are duty-bound to address the whole of the

circuit court's judgment in order "to avoid a misleading application of the law."

*Id.*

In Kentucky, the measure of damages in a construction contract is thoroughly discussed in *Deskins v. Estep*, 314 S.W.3d 300, 305 (Ky. App. 2010). The seminal opinion cited by *Deskins* was written by Justice Palmore in *State Property and Buildings Commission v. H.W. Miller Construction Company*, 385 S.W.2d 211 (Ky. 1964). Therein, Kentucky's highest court states that "the real measure of damages for defective performance of a construction contract is the cost of remedying the defect, so long as it is reasonable." *Id.* at 214 (citations omitted). The Court went on to explain:

> In simple terms, the measure of damages is the amount that is reasonably necessary in order to make the building conform to the requirements of the contract, but in no event to exceed the difference, if any, between its market value as it should have been constructed and its market value as it was actually constructed.
>
> . . . .
>
> [T]he damages should not exceed the sum that is reasonably required in order to put the owner in the same position in which he would have been had the contract been performed.

*Id.*

In the matter before us, the Jackson Circuit Court failed to address or apply the proper measure of damages. On remand, the circuit court is directed to

address the correct measure of damages per *Deskins* and *H.W. Miller Construction Company*, as well as Appellee's mitigation of damages, if any, which is discussed in *Deskins*, 314 S.W.3d at 305.

Further, since a bench trial was conducted below, the circuit court was required to make specific findings of fact and conclusions of law as required by Kentucky Rules of Civil Procedure ("CR") 52.01, from which the clearly erroneous standard of review emanates. Factual findings are clearly erroneous if unsupported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is "some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Whittaker v. Rowland*, 998 S.W.2d 479, 481-82 (Ky. 1999) (citation omitted).

In the matter before us, the circuit court made only limited findings which are not based on the evidence of record. This was likely because the court waited more than seventeen months after the trial to draft them. We conclude that the circuit court's limited findings were not supported by substantial evidence per *Moore*, *supra*.

In addition, we review the circuit court's conclusions of law *de novo*. *Hoskins v. Beatty*, 343 S.W.3d 639, 641 (Ky. App. 2011). The circuit court's judgment sustaining Appellee's claim of promissory estoppel and negligence is not

consistent with applicable law nor supported by the record, as the record clearly reveals that the parties entered into a contract.

Appellant goes on to argue that the 575-day delay between the bench trial and the judgment prejudiced the proceedings against him. In light of the foregoing, this argument is moot.

Lastly, Appellant requests that we appoint a new trial judge to consider the matter on remand. "A motion for recusal should be made immediately upon discovery of the facts upon which the disqualification rests. Otherwise, it will be waived." *Adkins v. Wrightway Readymix, LLC*, 499 S.W.3d 286, 291 (Ky. App. 2016) (internal quotation marks and citations omitted). Appellant does not direct our attention to any recusal motion made before the circuit court, leaving us nothing to review on this issue.

## **CONCLUSION**

For the foregoing reasons, we reverse the judgment of the Jackson Circuit Court and remand the matter for a new trial based on our determination that the parties entered into a contract. On remand, the circuit court shall 1) determine if one or both parties breached the contract; 2) make specific findings per CR 52.01; and, 3) address the amount of damages, if any, including Appellee's mitigation of damages, based on *Deskins* and *H.W. Miller Construction Company*, *supra*.

-10-

ECKERLE, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS AND FILES SEPARATE OPINION.

TAYLOR, JUDGE, CONCURRING:  I concur totally with the thorough analysis and disposition of this case by the Chief Judge.  I write separately to emphasize that upon remand for a new trial, the trial court must address the doctrine of substantial performance.  Under this long-standing doctrine, a builder, upon substantial performance of a construction contract, is entitled to recovery of the contract price notwithstanding that the work may have been defective and not completed to the satisfaction of the homeowner.  *Meador v. Robinson*, 263 S.W.2d 118 (Ky. 1953).  As in this case, *Meador* looked to an oral construction contract.  Upon substantial performance by the builder, the remedy of the homeowner is a claim for damages for the defective workmanship, which is the basis for the counterclaim below.  *Id.  See also Shreve v. Biggerstaff*, 777 S.W.2d 616, 618 (Ky. App. 1989).

Under the facts of this case, the substantial performance doctrine would preclude a windfall for the homeowner, which appears to be the result of the judgment rendered by the circuit court now before this Court.  If on remand, the evidence establishes that the oral construction contract was substantially performed by the appellant, then the doctrine is applicable.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Marsha Taylor
McKee, Kentucky