RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0098-WC

BRAD DUKE          APPELLANT

v.      PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-22-01269

GE HAIER; HONORABLE GRANT S.
ROARK, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD          APPELLEES

AND

NO. 2024-CA-0140-WC

TONYA LONG          APPELLANT

v.      PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-21-61731

UNIVERSAL LINEN; HONORABLE
PETER J. NAAKE,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE:  Brad Duke and Tonya Long appeal from orders of the Workers' Compensation Board which affirmed orders from two Administrative Law Judges (ALJs).  The ALJs denied Appellants motions for their cases to go to mediation.  Appellants argue that mediation should be mandatory and not discretionary.  We disagree and find no error.

## FACTS AND PROCEDURAL HISTORY

Appellants were each injured while at work and both sought workers' compensation benefits.  The specifics of their injuries are not relevant.  After filing their claims, Appellants, through counsel, petitioned their respective ALJ to be transferred to mediation pursuant to a scheme set forth in Kentucky Revised Statutes (KRS) 342.276 and 803 Kentucky Administrative Regulations (KAR) 25:300.  The mediation program is moderated by current ALJs and must be requested.  At issue is Section 4 of 803 KAR 25:300, which states in relevant part:

> Section 4.  Procedures for Conduct of Mediation Proceedings.
>
> (1) At any time after the claim has been initiated with the Department of Workers' Claims, any party may file a motion with the administrative law judge to have the

claim, or any part of the claim, referred to mediation under the program outlined in this administrative regulation. The motion shall identify the issues to be mediated.

(2) An opposing party shall have seven (7) calendar days to file a response to the motion seeking mediation.

(3) The administrative law judge shall either grant or deny the motion within ten (10) calendar days of the filing of the motion to refer to mediation.

(4) The parties may file a joint motion to refer to mediation. The administrative law judge shall order that the claim or parts of the claim be referred to mediation within seven (7) calendar days of the filing of the joint motion.

(5) The administrative law judge may refer a claim or part of a claim to mediation at any time after being assigned the claim.

(6) Upon the referral, the administrative law judge or the mediator shall confer with the parties for the purpose of scheduling the mediation. The mediator shall issue a mediation order within seven (7) calendar days of the referral which shall include:

> (a) The date, time, allotted time, location of the mediation, and whether the mediation shall be conducted in person, by telephone, or by video conferencing technology;

> (b) The required attendees of the mediation; and

> (c) The issue(s) to be mediated.

In each of the cases before us, the appellant moved for mediation, but the motions were denied. Both also petitioned for the ALJ to reconsider, but those

-3-

petitions were also denied. Each case went to their respective ALJs in the usual course and Appellants were awarded benefits. In fact, Appellants were awarded the maximum amount of benefits they requested.

Appellants then appealed to the Board. They did not contest the amount of benefits awarded, but did argue that they should have been allowed to participate in mediation. The Board found that there was no error and affirmed. The Board also affirmed the ALJs decisions regarding Appellants' benefits. This appeal followed.

## ANALYSIS

On appeal, Appellants argue that mediation should be mandatory. In the alternative, they argue that the ALJs abused their discretion in denying their motions for mediation. We review issues surrounding the interpretation of statutes and administrative regulations *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003); *All. for Kentucky's Future, Inc. v. Envt'l & Pub. Prot. Cabinet*, 310 S.W.3d 681, 687 (Ky. App. 2009).

Here, we agree with the Board that whether to refer a case to mediation is within the sound discretion of the ALJ. Section 4 of 803 KAR 25:300 states that an ALJ can either grant or deny a motion for mediation. 803 KAR 25:300 §4(3). It also states that an ALJ "may refer a claim or part of a claim" to mediation. 803 KAR 25:300 §4(5). Both subsections indicate that an ALJ may

-4-

refer a case to mediation, but it is not required. A plain reading of the regulation indicates that mediation is discretionary.

We will now determine if the ALJs in these cases abused their discretion in denying mediation. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

In Mr. Duke's case, after he moved for mediation, his employer responded that it did not object to mediation; however, it requested a delay in assigning mediation so that it could attempt to settle the claim with Mr. Duke first. Additionally, the employer indicated that the report it received from the independent medical evaluation it performed of Mr. Duke concurred with the report of Mr. Duke's medical expert on impairment rating, maximum medical improvement date, and Mr. Duke's capacity to return to work; therefore, there were unlikely to be any contested issues.

The ALJ denied the motion for mediation due to the medical experts of the parties agreeing on the major issues. The ALJ believed it would unnecessarily take up a mediation slot since the issues were more or less resolved. Mr. Duke then appealed to the Board. Mr. Duke did not appeal the benefits award, but did raise the mediation issue. The Board agreed with the reasoning of the ALJ. We too agree. The ALJ's decision to deny Mr. Duke's motion was reasonable

under the circumstances. The medical experts for Mr. Duke and his employer agreed on the major issues and Mr. Duke received the maximum amount of benefits he requested. There was no error here.

As for Ms. Long, after she moved for mediation, her employer responded that it did not object to mediation, but that it requested a private mediator. A private mediator is allowed under 803 KAR 25:300 §5(2). Five days after the employer's response, the ALJ entered an order denying Ms. Long's motion to enter into the mediation program, but allowed the parties to enter into private mediation as requested by the employer. The same day as that the ALJ entered this order, Ms. Long objected to the private mediation and petitioned to have mediation pursuant to 803 KAR 25:300 §4. The ALJ denied Ms. Long's renewed petition for mediation.

A hearing on Ms. Long's compensation claim was held on March 2, 2023. That same day Ms. Long again moved for mediation. Ms. Long's employer responded that it did not wish to mediate the case because a final hearing had been held and a decision on the merits was close at hand. The ALJ denied the motion and found that "mediation would not be productive at this time. . . . The parties may negotiate a settlement between counsel if they choose." Ms. Long raised the mediation issue two more times before the ALJ. The ALJ indicated the issue had

-6-

been preserved for appeal, but that there would be no mediation. The ALJ then entered an award granting Ms. Long the benefits she requested.

Ms. Long then appealed to the Board. The only issue she raised before the Board concerned mediation. The Board ultimately affirmed finding no abuse of discretion. We agree with the Board. Ms. Long wanted mediation pursuant to 803 KAR 25:300 §4. The employer wanted private mediation pursuant to 803 KAR 25:300 §5. Ms. Long then moved for mediation again after the final hearing had taken place, but the employer was no longer interested in mediation since the case was soon to be resolved on the merits.

"An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." *Overstreet v. Overstreet*, 144 S.W.3d 834, 838 (Ky. App. 2003) (footnote and citation omitted). We are not convinced a mistake has been made here and the ALJ's decision was reasonable.

Mr. Duke raises one more issue on appeal. He argues that the ALJ in his case should have recused himself. At one point during the proceedings, Mr. Duke's employer filed a pleading that set forth terms of a proposed settlement. Mr. Duke then filed a motion requesting that the pleading be stricken from the record and the ALJ recuse himself. The ALJ removed the pleading from the record and indicated it was inappropriate for including settlement negotiations. The ALJ did not, however, recuse himself because the pleading and motion to recuse and

strike were filed so close together in time that the ALJ was able to strike the pleading without reading it.

Mr. Duke argues that the ALJ should have recused himself because otherwise, it would look from the outside as if the proceedings were tainted. Mr. Duke does not cite to any statute, rule, or case law to support his position. Furthermore, he does not question the ALJ's assertion that the ALJ did not read the pleading. We review issues of recusal for abuse of discretion. *Adkins v. Wrightway Readymix, LLC*, 499 S.W.3d 286, 290 (Ky. App. 2016). Under the circumstances of this case, we find no error.

We also note that all the alleged errors raised on appeal would be harmless error because Appellants received the benefits they requested. Kentucky Rules of Civil Procedure (CR) 61.01 states:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

## CONCLUSION

Based on the foregoing, we affirm. Appellants received the benefits they requested and were not guaranteed mediation. Referring a workers' compensation case to mediation under 803 KAR 25:300 §4 is discretionary and the ALJs in these cases did not abuse their discretion.

ALL CONCUR.

BRIEFS FOR APPELLANTS BRAD DUKE AND TONYA LONG:

Ched Jennings
Louisville, Kentucky

BRIEF FOR APPELLEE GE HAIER:

Cate A. Poole
Lexington, Kentucky

BRIEF FOR APPELLEE UNIVERSAL LINEN:

Brent E. Dye
Louisville, Kentucky