William DESKINS d/b/a Deskins and Son Construction, Appellant,

v.

Irene ESTEP;[1] Johnny Ramsey; and Timothy Ling, Appellees.

No. 2007–CA–000514–MR.

Court of Appeals of Kentucky.

May 7, 2010.

1. The complaint and judgment on appeal identify the appellee as Irene Estep. The notice of appeal appears to have misspelled Ms. Estep's last name as Stepp. For purposes of this opinion, she shall be referred to as Estep.

Before MOORE, TAYLOR, and THOMPSON, Judges.

## OPINION

TAYLOR, Judge.

William Deskins d/b/a Deskins and Son Construction brings this appeal from a February 19, 2007, Judgment of the Pike Circuit Court awarding Irene Estep, Johnny Ramsey, and Timothy Ling, appellees herein, damages in the amount of $436,787.66 arising from breach of a construction contract and in conjunction with a default judgment for liability previously rendered by order entered January 12, 2007. For the reasons hereafter stated, we reverse and remand with directions.

## I. BACKGROUND

Deskins is resident of West Virginia, where he owns and operates a construction business. In February 2006, Deskins was contacted by appellees in regard to the construction of two residential dwellings on real property alleged to be owned by appellees located in Pike County, Kentucky. An agreement was subsequently entered into by the parties whereupon Deskins would construct one residence in a "turn-key condition" for the price of $50,000 and construct a second house "in the dry" for the sum of $70,000.[2] Apparently, a dispute arose between the parties at some point during the construction and neither house was completed.

On September 20, 2006, appellees initiated this action in the Pike Circuit Court seeking damages against Deskins for alleged breach of the construction contract. Jurisdiction was exercised over Deskins pursuant to Kentucky's long-arm statute,

Ned Pillersdorf, Joseph Lane (argued), Prestonsburg, KY, for appellant.

Marrs Allen May (argued), Pikeville, KY, for appellees.

2. The testimony at the hearing indicated that "turn-key" meant that the house would be ready to live in upon completion of construction while "in the dry" meant that construction would only entail getting the house under roof.

Kentucky Revised Statutes (KRS) 454.210. As required by the statute, the Secretary of State mailed a copy of the summons and complaint to Deskins at his address listed in the complaint by certified mail, return receipt requested. The postal service made three attempts to deliver the complaint to Deskins without success, whereupon the summons and complaint were returned to the Secretary of State. On October 25, 2006, the Secretary of State made its statutorily required return and notice to the Pike Circuit Court showing that the acts contemplated by the statute had been performed as required of the Secretary of State, who, by law, is deemed the statutory agent for Deskins in this litigation. In accordance with KRS 454.210, the summons was deemed to be served on Deskins upon return of the Secretary of State and the action proceeded accordingly. Deskins did not respond to the complaint. On January 3, 2007, appellees filed a motion for default judgment pursuant to Kentucky Rules of Civil Procedure (CR) 55.01. Subsequently, on January 12, 2007, an order was entered granting the default judgment for liability only and further scheduling a hearing on damages for January 26, 2007. On January 25, 2007, the court, *sua sponte*, rescheduled the hearing on damages to February 16, 2007, at 10:00 a.m.

On the morning of February 16, 2007, the case was called by the Pike Circuit Court for a hearing on damages as scheduled. Deskins appeared at this hearing and indicated to the court that he was without knowledge that a default judgment had been entered against him and that further he was without knowledge of the claims in this action. Although it can not be determined from examination of the record, it appears Deskins was mailed by the circuit clerk, at his address listed in the complaint, a copy of the order dated January 25, 2007, rescheduling the hearing

for February 16, 2007. The court subsequently ordered from the bench that the evidentiary hearing would begin at approximately 2:00 p.m. later that afternoon. In the interim, Deskins filed with the circuit clerk a hand-written, *pro se* motion for another hearing date on the damages issue, effectively seeking a continuance at that time. He further stated in his request that he did not have knowledge of any prior hearings in this action.

The circuit court did not address Deskins' motion and conducted an evidentiary hearing on damages on the afternoon of February 16. At the conclusion of the hearing, the circuit court signed a judgment prepared by appellees' counsel in favor of appellees in the amount of $436,787.66, that was subsequently entered in the record on February 19, 2007. This timely appeal follows.

## II. ISSUE

The primary issue raised by Deskins is whether the circuit court properly entered a judgment for damages in this action after granting a default judgment against him for liability. Specifically, Deskins believes that his hand-written motion for continuance of the hearing—filed on the day of the hearing—was not properly considered by circuit court and the hearing otherwise should not have been conducted at that time.

■ Deskins also argues that the default judgment for liability against him should be set aside. Deskins contends that since the motion for default judgment was not served upon him, the judgment should not have been entered against him. This issue was properly brought before the circuit court by Deskins pursuant to a CR 60.02 motion that was filed after the notice of appeal was filed in this action. The Court of Appeals abated consideration of

this appeal while the circuit court considered Deskins' CR 60.02 motion. The circuit court entered an order dated July 9, 2009, denying Deskins' CR 60.02 motion. In that order, the circuit court correctly noted that for purposes of this action, the Secretary of State was deemed the agent for service of process of the complaint for Deskins. *See* KRS 454.210. The record reflects that the Secretary of State performed the duties as required by KRS 454.210 and made the statutorily required return to the circuit court showing that the acts contemplated under the long-arm statute were complied with by the Secretary of State. Apparently, Deskins refused to accept the certified mail containing the summons and complaint on three occasions. When the Secretary of State made its statutorily required return to the circuit court, the time for answering the complaint by Deskins began to run. KRS 454.210(3)(b).

Under CR 55.01, there is no requirement that the motion for default judgment be served upon Deskins if he has not appeared in the action at the time the motion is filed. CR 55.01 does require that the attorney submit a certificate that no papers have been served upon him by the party in default. On review of the record, it appears appellees' counsel complied with this certificate requirement upon filing the motion for default judgment. The circuit court properly entered default judgment for liability on January 12, 2007. The circuit court's order entered July 9, 2009, denying relief from the default judgment has not been appealed and is otherwise not properly before this Court at this time. Regardless, Deskins has not presented a valid excuse nor shown good cause why the default judgment for liability should be set aside. Accordingly, we do not believe that the circuit court abused its discretion in granting a default judgment for liability against Deskins in this action

or in denying the CR 60.02 relief from that judgment. Accordingly, our review in this appeal will be limited to a review of the judgment for damages entered by the circuit court against Deskins in this action.

### III. LEGAL ANALYSIS

■ At the hearing on damages on February 16, 2007, Deskins was hand served by a deputy sheriff a copy of the summons that had originally been issued when this action was commenced in the Pike Circuit Court. Deskins argues that this was the first notice that he had ever received of this proceeding and the circuit court should have conducted an evidentiary hearing to determine why he had not previously received notice of the litigation, arguing that the U.S. Postal Service may have made a mistake in attempting to deliver the original complaint and summons in this action. The record on appeal is meager at best. In reviewing the record, this Court cannot determine why a summons was hand served on Deskins at the hearing on February 16, 2007, but we must conclude that service thereon was of no consequence nor had any legal effect in this proceeding. Since Deskins apparently did receive a copy of the circuit court's order scheduling the damages hearing on February 16, 2007, as evidenced by his appearance in the courtroom at the designated time, we find no error in the circuit court not continuing the hearing which was totally within the sound discretion of the court.

The damages hearing presents a more troublesome issue for this Court. The entire hearing lasted less than thirty-eight minutes. Only two witnesses testified for appellees, their purported expert, Terry Wallace, and appellee, Irene Estep. Wallace's testimony on direct examination lasted less than four minutes. Deskins was permitted to make a *pro se* statement,

under oath, to the court as his "testimony" in the action. At the conclusion of the hearing, appellees' counsel presented a judgment to the judge which was signed at that time and subsequently entered on February 19, 2007.

CR 55.01 clearly contemplates that damages hearings in cases where a default judgment for liability has been entered should be evidentiary in nature to determine the amount of damages and establish the truth of any other allegations or evidence supporting the damage claim. Kentucky Courts have concluded that proceedings of this nature are governed by CR 52.01. *Greathouse v. Am. Nat'l Bank & Trust Co.*, 796 S.W.2d 868 (Ky.App. 1990). The provisions in CR 52.01 are mandatory and require the court to make specific findings of fact and separate conclusions of law before rendering a judgment. *Brown v. Shelton*, 156 S.W.3d 319 (Ky.App.2004). In this case, the circuit court made absolutely no findings of fact or conclusions of law which clearly precludes this Court from making any type of meaningful appellate review of the judgment entered in this action. This error alone constitutes sufficient grounds for this Court to reverse and remand the judgment entered February 16, 2007, for additional proceedings.

However, we do not believe that the errors in this proceeding end with just the failure to make findings of fact and conclusions of law. The complaint filed in this action clearly states that it is based upon a construction contract between Deskins and appellees in this action. Any damages that follow are derivative of the terms and conditions of the construction contract. There is no construction contract attached to the complaint nor a part of the record in this case. Likewise, appellees did not introduce a copy of the contract into evidence during the damages hearing. Deskins did present to the circuit court a copy of a contract he alleges he entered into with appellee, Timothy Ling,[3] which Deskins described as a "cost-plus" agreement. Again, this agreement was not entered into the record by the circuit court at the hearing. When Deskins cross-examined appellees' expert, Terry Wallace, regarding the contract, Wallace stated he was not aware of any construction agreements between the parties. We find it incredulous that this expert could testify about damages regarding the construction contract when he was not aware of any terms or conditions pertaining to the contract.

Deskins also testified to the circuit court at the hearing that he had not entered into any construction contracts with Irene Estep, who was the only witness who testified on behalf of appellees at the damages hearing. Estep failed to acknowledge the existence of the contracts and on direct examination by Deskins, admitted that she had not entered into any construction agreements with Deskins. This Court is hard pressed to understand how Estep can assert a claim in a complaint alleging breach of contract damages when she is not a party to the contract. Even more perplexing is her admission at the hearing that she has no ownership interest in the property that is the subject matter of the litigation. Notwithstanding that a default judgment has been entered, the law still requires a legal basis to support a damages claim, and the record in this case fails to support the damage award. *See How-ing.*

---

**3.** Irene Estep testified that Timothy Ling was in jail and could not be present at the hear-

*ard v. Fountain,* 749 S.W.2d 690 (Ky.App. 1988).

As concerns the alleged damages, Estep presented no evidence to support any of the damages claimed other than a summary schedule that had been prepared by her attorney and introduced as the only exhibit at the damages hearing. There was no supporting documentation or evidence introduced to support any of the alleged damages as set forth in the exhibit. Additionally, the testimony given by Estep contradicts the allegations in the complaint. For example, the house that was to be constructed in a "turn-key condition" was stated in the complaint to have a contract cost of $50,000—yet Estep testified that it was to cost $105,000. As concerns the residence that was to be built "in the dry," the complaint alleged that the cost of this residence was to be $70,000, while the damage claim exhibit listed a total cost of $112,000. There was no testimony given at the damages hearing nor is there any evidence in the record to address these discrepancies.

■ The next obvious error committed at the damages hearing involves the measure of damages that is applicable to this case. As noted, there is no supporting documentation for any of the damage claims asserted at the hearing, nor did the expert's testimony support these claims. In Kentucky, the measure of damages for the defective performance of a construction contract is set out in *Gray v. Mattingly,* 399 S.W.2d 301 (Ky.1966). Therein, the Court stated:

> In simple terms, the measure of damages is the amount that is reasonably necessary in order to make the building conform to the requirements of the contract, but in no event to exceed the difference, if any, between its market value as it should have been constructed

and its market value as it was actually constructed.

*Id.* at 302 (quoting *State Prop. & Bldg. Comm'n v. H.W. Miller Constr. Co.,* 385 S.W.2d 211 (Ky.1964)). A review of the record reveals absolutely no evidence that addresses the accurate measure of damages as required in this case. On remand, the circuit court is instructed to identify the existence of any construction agreements and their terms, and then apply the proper measure of damages to determine what damages, if any, have arisen from the alleged breach of the construction contract at issue in this litigation.

Finally, upon remand, the circuit court must also determine what mitigation of damages, if any, has occurred in this action. It is well-established that a party claiming damages for a breach of contract is obligated to use reasonable efforts to mitigate its damages occasioned by the other party's breach. *Davis v. Fischer Single Family Homes, Ltd.,* 231 S.W.3d 767 (Ky.App.2007). Estep did not testify as to what actions were taken to mitigate damages nor did the circuit court address this in rendering its judgment.

For the foregoing reasons, the Judgment of the Pike Circuit Court awarding damages to appellees is reversed and remanded with directions that the circuit court conduct an evidentiary hearing on damages consistent with this opinion.

ALL CONCUR.