RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0668-MR

BRIAN WEIHE                                                                      APPELLANT

v.

APPEAL FROM JEFFERSON FAMLY COURT
HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 21-CI-502915

LEANN WEIHE                                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, ECKERLE, AND GOODWINE, JUDGES.

ECKERLE, JUDGE: Brian Weihe (Husband) appeals from a default judgment and

decree of the Jefferson Family Court dissolving his marriage to Leann Weihe

(Wife). He argues that the Family Court abused its discretion by denying his

motion to set aside a default judgment equally dividing the equity in the marital

residence. We conclude that these issues are not properly preserved, and that

Husband failed to show manifest injustice resulted from the denial of the motion to

set aside the default judgment or the division of the marital property. Hence, we affirm.

The parties were married in 1995 and separated in 2010. However, Wife did not file a petition for dissolution of the marriage until September 20, 2021. Husband was served with the petition but failed to file a response. Wife then filed a motion for default judgment, and the Family Court scheduled a hearing on April 13, 2022.

Wife appeared at the hearing with her counsel. Husband did not appear, but his counsel was present. The primary issue concerned the division of the marital equity in the residence located at 5402 Pearce Way in Crestwood, Kentucky.

The Family Court entered its findings of fact, conclusions of law, default judgment, and decree of dissolution on April 14, 2022. The Court's findings reflect the evidence showing that the residence has a fair market value of $206,281.00, with a current mortgage balance of $67,000.00. Based on these amounts, the Family Court found that the residence has marital equity of $139,281.00 and awarded half to Wife. Thus, the Court entered a common-law judgment to Wife in the amount of $69,640.50 and awarded the residence to Husband. The Court also directed Husband to refinance the mortgage in his sole name within 60 days.

Thereafter, Husband filed a motion to alter, amend, or vacate the judgment. CR[1] 59.05. Husband's motion stated that Wife had not lived at or contributed to the residence in more than a decade. Husband's counsel also asserted that Husband had negotiated an agreement with Wife's former counsel over the division of any marital equity. Consequently, Husband maintained that the Family Court's division of marital assets was manifestly unfair, and the default judgment should be set aside. In the alternative, Husband requested more specific findings pursuant to CR 52.04.

The Family Court entered its Order denying the motions on May 11, 2022. The Court again noted that Husband was served with the petition but failed to file a response. The Court also noted that Husband received notice of the default hearing. Husband failed to respond to the notice, file a pre-hearing compliance, or appear in court. The Court also pointed out that Husband's counsel appeared but had not filed an entry of appearance. Consequently, the Family Court concluded that Husband failed to set forth any grounds to set aside the default judgment. This appeal followed.

"Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate

---

[1] Kentucky Rules of Civil Procedure.

court will not overturn the trial court's decision absent a showing that the trial court abused its discretion." *Key v. Mariner Fin., LLC*, 617 S.W.3d 819, 822-23 (Ky. App. 2020) (quoting *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530 (Ky. App. 2003)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). More specifically, a court abuses the discretion afforded it when "(1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004) (cleaned up).

CR 55.01 permits a trial court to grant a default judgment against a party who has failed to appear or file a responsive pleading in an action after being served. "In a default judgment situation, the defaulting party admits only such allegations on the pleadings as are necessary to obtain the particular relief sought by the complaint." *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988). But even when default judgment is appropriate, CR 55.01 requires a hearing at which the moving party must prove the amount of damages. *Deskins v. Estep*, 314 S.W.3d 300, 304 (Ky. App. 2010). The trial court must make specific findings required by CR 52.01 prior to rendering a judgment. *Id.*

In this case, the Family Court held an evidentiary hearing to determine the marital interest in the residence. The Court also made findings as required by CR 52.01. Husband argues that the proof was insufficient to show that Wife was entitled to half of the equity in the residence. He also contends that the Family Court should have held the hearing in abeyance when his counsel appeared.

As an initial matter, we note that Husband's brief does not identify where or how in the record the latter issue was preserved for review. Likewise, apart from one case cited only in the Statement of Points and Authority, Husband's brief does not include any citations to applicable cases, statutes, or rules. RAP[2] 32(A)(4) specifically requires each argument to include "ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." We also note that Husband's CR 59.05 motion did not assert that he was entitled to an abeyance of the default hearing.

In the absence of any adequate statement of preservation, our review is limited to the palpable error standard of CR 61.02. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). Here, the record is clear that Husband had notice

---

[2] Kentucky Rules of Appellate Procedure.

of the hearing scheduled for April 13, 2022.  Counsel alleges that the hearing was rescheduled from 3:30 p.m. to 3:00 p.m. without his knowledge.  In addition to the lack of preservation, counsel did not provide an affidavit or any other proof supporting this claim.  The Family Court's order denying Husband's CR 59.05 motion further states, "The Court's weekly docket sheet erroneously listed the hearing time as 3:30 p.m., but the parties were advised in advance that the scheduled time was in fact 3:00 p.m."  Husband's counsel does not allege that this recitation is erroneous.  Moreover, counsel does not allege that he would have introduced additional evidence if he had been able to appear earlier.  Husband makes absolutely no showing of any manifest injustice resulting from the alleged error.

Husband also asserts that the parties had reached an agreement to divide the marital residence.  However, there is no proof in the record that the parties reached a meeting of minds on any such agreement.  Husband's counsel merely alleged that he "contacted [Wife's] counsel and advised counsel of the parties [*sic*] earlier agreement and [the] fact that [Wife] had not contributed to the marital residence in over a decade and the parties discussed how to refi [*sic*] the residence and remove [Wife's] name from the mortgage."  Such general allegations are insufficient to show the existence of an enforceable settlement agreement.

Finally, Husband alleges that the Family Court's equal division of the equity in the marital residence amounts to unjust enrichment of Wife.[3] All property acquired during the course of the marriage up to the date of dissolution is presumed to be marital. KRS[4] 403.190(3). Although the parties were separated for an unusually long time, the residence retained its marital character. For the same reason, any contributions to the marital equity made during the period of separation are presumed to be made with marital funds unless otherwise shown. *Id.*

KRS 403.190(1) grants discretion to divide this marital equity in "just proportions," accounting for the contribution of each spouse. But the Family Court's determination of what constitutes a just division will not be disturbed absent an abuse of that discretion. *Hempel v. Hempel*, 380 S.W.3d 549, 553 (Ky. App. 2012). Husband makes no showing of abuse of discretion, much less than the manifest injustice required for our review here. Therefore, we find no basis to disturb the Family Court's judgment.

Accordingly, we affirm the judgment and decree of the Jefferson Family Court.

---

[3] As previously noted, Husband's brief only lists a single case citation in its Statement of Points and Authorities. That case, *Collins v. Kentucky Lottery Corp.*, 399 S.W.3d 449, 455 (Ky. App. 2012), sets out the elements that a party must meet to prevail on a claim of unjust enrichment. However, the text of Husband's brief does not address these elements or discuss how Husband provided proof meeting those elements.

[4] Kentucky Revised Statutes.

ALL CONCUR.


BRIEF FOR APPELLANT:

Mark Hyatt Gaston
Louisville, Kentucky

BRIEF FOR APPELLEE:

Allison S. Russell
Louisville, Kentucky