RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0470-MR

SERVICE FINANCIAL COMPANY          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.     HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 21-CI-006519

MICHAEL CHARLES BRANIGAN,
JR.          APPELLEE

AND

NO. 2023-CA-0472-MR

SERVICE FINANCIAL COMPANY          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.     HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 21-CI-006681

KENNDI VICTORIA MICHELLE
LINDSAY A/K/A KENNEDI
VICTORIA MICHELLE LINDSAY
AND MIKELLE WILLIAM CARTER          APPELLEES

AND

NO. 2023-CA-0473-MR

SERVICE FINANCIAL COMPANY                                           APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 22-CI-000607


RANCES A. ROCA PELAYO                                               APPELLEE

AND


NO. 2023-CA-0475-MR

SERVICE FINANCIAL COMPANY                                           APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 22-CI-001547


JACKIE TODD BENHAM                                                  APPELLEE

AND


NO. 2023-CA-0476-MR

SERVICE FINANCIAL COMPANY                                           APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 22-CI-002856

MARQUIS ABDUAL BARBEE                                            APPELLEE

AND

NO. 2023-CA-0481-MR

KENTUCKIANA FINANCE, LLC                                       APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 22-CI-003591

CLARENCE RAMONT STEFON
FOREHAND                                                         APPELLEE

AND

NO. 2023-CA-0483-MR

KENTUCKIANA FINANCE, LLC                                       APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JENNIFER BRYANT WILCOX, JUDGE
ACTION NO. 22-CI-004770

JAYDAN TRE SEAN PITTS                                            APPELLEE

<u>OPINION</u>
<u>REVERSING AND REMANDING</u>
<u>WITH DIRECTIONS</u>

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Service Financial Company (Service Financial) brings Appeal No. 2023-CA-0470-MR from a February 27, 2023, Order of the Jefferson Circuit Court awarding Service Financial $10,330.82 in contract damages, attorney's fees of $1,500, costs, and 6-percent postjudgment interest; Service Financial brings Appeal No. 2023-CA-0472-MR from a March 2, 2023, Order of the Jefferson Circuit Court awarding Service Financial $7,322.91 in contract damages, costs, and 6-percent postjudgment interest; Service Financial brings Appeal No. 2023-CA-0473-MR from a February 23, 2023, Order of the Jefferson Circuit Court awarding Service Financial $267.97 in contract damages, costs, and 6-percent postjudgment interest; Service Financial brings Appeal No. 2023-CA-0475-MR from a February 23, 2023, Order of the Jefferson Circuit Court awarding Service Financial $5,036.51 in contract damages, costs, and 6-percent postjudgment interest; Service Financial brings Appeal No. 2023-CA-0476-MR from a March 17, 2023, Order of the Jefferson Circuit Court awarding Service Financial $5,793.10 in contract damages, attorney's fees of $868.97, costs, and 6-percent postjudgment interest.  Kentuckiana Finance, LLC, (Kentuckiana Finance) brings

Appeal No. 2023-CA-0481-MR from a February 24, 2023, Order of the Jefferson Circuit Court awarding Kentuckiana Finance $734.10 in contract damages, attorney's fees of $110.11, costs, and 6-percent postjudgment interest; Kentuckiana Finance brings Appeal No. 2023-CA-0483-MR from a March 17, 2023, Order of the Jefferson Circuit Court awarding Kentuckiana Finance $4,544.31 in contract damages, attorney's fees of $681.65, costs, and 6-percent postjudgment interest. For the reasons stated, we reverse and remand with directions Appeal Nos. 2023-CA-0470-MR, 2023-CA-0472-MR, 2023-CA-0473-MR, 2023-CA-0475-MR, 2023-CA-0476-MR, 2023-CA-0481-MR, and 2023-CA-0483-MR.

These appeals were ordered consolidated by this Court upon motion of Service Financial and Kentuckiana Finance. In each appeal, a motor vehicle was sold by Circus Auto Sales Inc., to an appellee, which was financed by Circus Auto. Each appellee entered into a Retail Installment Contract to purchase the motor vehicle.[1] In relevant part, the Retail Installment Contracts were identical in each case. Under the terms of the Retail Installment Contract, each appellee agreed to make timely payments in accordance therewith, and a motor vehicle lien was taken in each motor vehicle to secure repayment of the debt. The motor vehicles involved were older model vehicles, and the finance charge was notably

---

[1] Presumably, Circus Auto Sales Inc., provided on the lot financing to purchasers of used autos. The Retail Installment Contracts were later assigned to Service Financial Company and Kentuckiana Finance, LLC.

high and based upon an approximate finance charge of 27 percent. Each appellee ultimately defaulted under the terms of the Retail Installment Contract. In every case, except as to Michael Charles Branigan, Jr., (Appeal No. 2023-CA-0470-MR), the motor vehicle was repossessed and sold; however, after the sales, deficiencies remained on each account.

As a result, Service Financial and Kentuckiana Finance filed actions in the circuit court against each individual appellee, seeking a judgment for the account deficiencies, prejudgment interest (finance charges), postjudgment interest, costs, and attorney's fees. Appellees failed to file answers or to appear in any manner.

Service Financial and Kentuckiana Finance ultimately filed motions for default judgments. In each motion for default judgment, Service Financial or Kentuckiana Finance attached a certificate, which delineated the original amount financed, payments received, insurance rebate, accrued contract interest (finance charges) until date of sale, repossession costs, and amount realized upon the sale of motor vehicle. Additionally, in each motion for default judgment, Service Financial and Kentuckiana Finance sought postjudgment interest, attorney's fees, and costs per the Retail Installment Contract. The exact amounts sought by Service Financial or Kentuckiana Finance were as follows: (1) against Michael Charles Branigan, Jr., principal amount of $11,765.33, with a finance charge at the

rate of 27.4974 percent interest per annum from January 2, 2021, (date of last payment)[2] to date of judgment, attorney's fees of $1,500, postjudgment interest of 6 percent and costs; (2) against Kenndi Victoria Michelle Lindsay and Mikelle William Carter, principal amount of $8,245.64 with a finance charge at the rate of 27.4288 percent per annum from April 19, 2021, (date of sale)[3] to date of judgment, postjudgment interest of 6 percent, attorney's fees of $1,236.85, and costs; (3) against Rances A. Roca Pelayo, principal amount of $6,495.91 with a finance charge at a rate of 27.4931 percent per annum from June 22, 2021, (date of sale) to date of judgment, postjudgment interest of 6 percent, attorney's fees of $974.39, and costs; (4) against Jackie Todd Benham, principal amount of $6,641.35, with a finance charge at the rate of 27.4369 percent per annum from October 15, 2021, (date of sale) until date of judgment, attorney's fees of $996.20, and costs; (5) against Marquis Abdual Barbee, the principal amount of $8,005.36 with a finance charge at the rate of 27.4386 percent per annum from March 3, 2022, (date of sale) to date of judgment, postjudgment interest of 6 percent, attorney's fees of $1,200.80, and costs; (6) against Clarence Ramont Stefon Forehand, principal amount of $5,164.55 with finance charge at the rate of

---

[2] The motor vehicle could not be located for repossession by Service Financial, so finance charges were computed from the date of the last payment received.

[3] The date of sale refers to the date the motor vehicle was sold after repossession.

27.4405 percent per annum from November 30, 2018, (the date of sale) to date of judgment, postjudgment interest of 6 percent, attorney's fees of $774.68, and costs; and (7) against Jaydan Tre Sean Pitts, principal amount of $7,040.27 with finance charge at a rate of 27.4343 percent from July 7, 2022, (date of sale) to date of judgment, postjudgment interest of 6 percent, attorney's fees of $1,056.04, and costs.

The circuit court ultimately rendered default judgments against each appellee. However, in each default judgment, the circuit court reduced the amount of the deficiency and/or finance charge owed and only awarded attorney's fees in three cases. In particular, the circuit court awarded Service Financial: (1) $5,793.10, attorney's fees of $868.97, costs, and postjudgment interest of 6 percent per annum against Barbee; (2) $5,036.51, costs, and postjudgment interest of 6 percent per annum against Benham; (3) $10,330.82, costs, and postjudgment interest of 6 percent per annum against Branigan; (4) $267.97, costs, and postjudgment interest of 6 percent per annum against Pelayo; and (5) $7,322.91, costs, and postjudgment interest of 6 percent per annum against Lindsay and Carter. And the circuit court awarded Kentuckiana Finance: (1) $734.10, attorney's fees of $110.11, costs, and postjudgment interest of 6 percent against Forehand; and (2) $4,544.31, attorney's fees of $681.65, costs, and postjudgment interest of 6 percent against Pitts.

Service Financial and Kentuckiana Finance filed motions to alter, amend, or vacate under Kentucky Rules of Civil Procedure (CR) 59.05 in each case. The circuit court denied the motions, thus precipitating these appeals.

As these appeals were consolidated, Service Financial and Kentuckiana Finance filed a single consolidated brief and advanced arguments applicable to each appeal. Therein, Service Financial and Kentuckiana Finance contend that the circuit court erred by reducing the balance due under the Retail Installment Contract, by eliminating the prejudgment interest due (finance charges) under the Retail Installment Contract, and by failing to award attorney's fees as set forth in the Retail Installment Contract. For the reasons hereinafter stated, we agree that the circuit court erred by arbitrarily reducing the balance owed to appellees, by eliminating prejudgment finance charges, and by failing to award reasonable attorney's fees.

To begin, we note that appellees, Michael Charles Branigan, Jr., Kenndi Victoria Michelle Lindsay, Mikelle William Carter, Rances A. Roca Pelayo, Jackie Todd Benham, Marquis Abdual Barbee, Clarence Ramont Stefon Forehand, and Jayden Tre Sean Pitts have failed to file an appellee's brief in each appeal pursuant to Kentucky Rules of Appellate Procedure (RAP) 30(A). In accordance with RAP 31(H)(3), for purposes of this appeal, we have accepted

Service Financial and Kentuckiana Finance's statement of the facts set forth in their brief as correct, subject to our review of the entire record on appeal.

Under CR 55.01, a default judgment may be rendered against a party who fails to appear in the action. In such case, the allegations in the complaint are deemed admitted, including claims for liquated damages. *Key v. Mariner Finance, LLC*, 617 S.W.3d 819, 825 (Ky. App. 2020). Liquated damages are those damages "capable of ascertainment by mere computation" or "can be established with reasonable certainty." *3D Enter. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005); *see also Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991). If a claim involves unliquidated damages, the circuit court is required to hold an evidentiary hearing to determine the amount of damages. *Mariner Finance, LLC*, 617 S.W.3d at 825.

In these appeals, Service Financial and Kentuckiana Finance filed a motion for default judgment in each case and provided a copy of the Retail Installment Contract signed by each appellee. Under the Retail Installment Contracts, Service Financial and Kentuckiana Finance had the right to accelerate the indebtedness upon default, repossess the motor vehicle, sell the motor vehicle, recover attorney's fees, and initiate legal proceedings to recover deficiencies against each appellee. And, with the motions for default judgment, Service Financial and Kentuckiana Finance also filed documentation as to each appellee

showing the principal amount of the original loan, the payments made on the loan, the amount of accrued finance charges, the costs of repossession of the motor vehicle, the amount realized from the sale of the motor vehicle, and any deductions from the sale of the vehicle credited to each appellee.[4]

Based on our review of the record, the default judgments entered in each case reflect that the circuit court reduced the principal balance owed in each case as set out in the respective motions, without any explanation. Presumably, the court was deducting prejudgment finance charges that had accrued on each account under the terms of the respective contracts.

As concerns the prejudgment finance charges that accrued from date of default to the date of judgment, these charges are liquidated damages under each of the contracts. As discussed by this Court in *Service Financial Company v. Ware*, 473 S.W.3d 98, 104-05 (Ky. App. 2015), the retail installment contract in these appeals is governed by Kentucky Revised Statutes (KRS) 190.090 – KRS 190.140 whereupon the finance charges are effectively time price differential as defined in KRS 371.210(9). In other words, the finance charge becomes part of the purchase price. KRS 371.210(12). However, for the financing of automobiles, KRS 190.110 controls the computation of finance charges, or time price

---

[4] In all cases except for Michael Charles Branigan, Jr., the motor vehicles were repossessed upon default and sold. In Branigan's case, the motor vehicle could not be located for repossession.

-11-

differential, in retail installment contracts related thereto. In this case, the award of finance charges or time price differential provided for in the contract is equivalent to prejudgment interest and constitutes a liquidated damage that Service Financial and Kentuckiana Finance are entitled. *Cap. Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 292 (Ky. 1991); *Nucor Corp.*, 812 S.W.2d at 141-42; and *Haney v. Stykes*, 688 S.W.3d 561, 566-67 (Ky. App. 2023).

Accordingly, Service Financial and Kentuckiana Finance are entitled to prejudgment finance charges under each contract from the date of default to the date of judgment in each case. However, credits for any payments received, proceeds from the repossession sale of the automobile, and any insurance rebates must be applied and are not subject to any additional finance charges thereon.

On remand, the circuit court shall determine if the prejudgment finance charges alleged by Service Financial and Kentuckiana Finance in each case complies with KRS 190.110 and award those amounts permitted under the statute as damages under the respective contracts. Any reductions to the principal balance claimed should be explained by the court in the default judgment for each case.

As concerns claims for attorney's fees, they are considered unliquidated damages and if attorney's fees are provided for in a contractual agreement, the court must determine what is a reasonable amount. *Key*, 617 S.W.3d at 825. Even where a contract specifies a contingency fee or specifies a

-12-

predetermined amount, the circuit court must still determine whether the attorney fee is reasonable and award only a reasonable amount. *Cap. Cadillac Olds, Inc.*, 813 S.W.2d at 292-93.

The Retail Installment Contracts provide for attorney's fees in the amount of 15 percent of the total sum due upon default. Per the Retail Installment Contracts, Service Financial and Kentuckiana Finance are entitled to attorney's fees in each case, and the circuit court erred by not awarding same. However, Service Financial and Kentuckiana Finance are not, as a matter of course, entitled to the 15-percent contractual attorney's fee. *See id.* Rather, upon remand, the circuit court must determine the reasonable amount of attorney's fee based upon the particular facts of each case. *See id.* In so doing, the circuit court should exercise its discretion and consider all relevant factors, including the complexity of the case. *See id.* Given the attorney's fee claim is one for unliquidated damages, the circuit court is directed to conduct an evidentiary hearing thereon in accordance with CR 52.01. *Deskins v. Estep*, 314 S.W.3d 300, 304 (Ky. App. 2010).

We recognize that the circuit court did award attorney's fees in three cases (Appeal Nos. 2023-CA-0476-MR, 2023-CA-0481-MR, and 2023-CA-0483-MR). As we have reversed the circuit court upon the amount of damages in these three appeals, the circuit court shall also reconsider its award of attorney's fees in

-13-

these three appeals in accordance with our above analysis of the attorney's fee issue.

To summarize, we reverse the circuit court's determination of damages and attorney's fees. Upon remand, the circuit court shall determine the amount of prejudgment finance charges owed in each case in accordance with KRS 190.110 and consistent with this Opinion. As for attorney's fees, the circuit court shall determine a reasonable attorney fee in each case in accordance with our reasoning and directives set forth above.

For the foregoing reasons, the orders of the Jefferson Circuit Court in all seven appeals are reversed and remanded with directions for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANTS:

David R. Deatrick, Jr.
Ashley F. Stevens
Louisville, Kentucky

NO BRIEF FOR APPELLEE
MICHAEL CHARLES BRANIGAN,
JR.

NO BRIEF FOR APPELLEES
KENNDI VICTORIA MICHELLE
LINDSAY A/K/A KENNEDI
VICTORIA MICHELLE LINDSAY
AND MIKELLE WILLIAM
CARTER.

NO BRIEF FOR APPELLEE
RANCES A. ROCA PELAYO.

NO BRIEF FOR APPELLEE
JACKIE TODD BENHAM.

NO BRIEF FOR APPELLEE
MARQUIS ABDUAL BARBEE.

NO BRIEF FOR APPELLEE
CLARENCE RAMONT STEFON
FOREHAND.

NO BRIEF FOR APPELLEE
JAYDAN TRE SEAN PITTS.