RENDERED:  AUGUST 15, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0176-MR


JOURNEYPURE BOWLING GREEN,
LLC; JOURNEYPURE HOLDINGS,
INC.; JOURNEYPURE, LLC; AND
REGARD RECOVERY JP, LLC                                    APPELLANTS


|  | APPEAL FROM CLINTON CIRCUIT COURT |
|---|---|
| v. | HONORABLE DAVID L. WILLIAMS, JUDGE |
|  | ACTION NO. 23-CI-00077 |


THE MEDICAL CENTER AT
CLINTON COUNTY, INC. D/B/A THE
MEDICAL CENTER AT ALBANY                                    APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  KAREM, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  This is a landlord-tenant dispute between corporate entities.

Appellant, JourneyPure Bowling Green, LLC, is the Lessee.  The Medical Center

at Clinton County, Inc. d/b/a The Medical Center at Albany, is the Appellee.[1]  The

parties executed a three-year lease for commercial real estate on or about August 1,

2020 (hereafter, the "Lease").  They amended the Lease and then executed a

Consent to Assignment Agreement.  Appellee filed suit in Clinton County Circuit

Court on June 15, 2023, alleging that Appellants failed to pay rent required under

the terms of the Lease.  The Complaint specifically alleges the following:

> 10.    The Lease Agreement was amended by an Addendum to Lease effective April 5, 2021 and a Second Addendum to Lease effective May 1, 2022 to a four-year lease term.  A complete copy of the Lease Agreement, including the aforementioned addenda, is attached hereto as Exhibit 1.
>
> 11.    Additionally, Medical Center Albany and JourneyPure executed a Consent to Assignment by letter from JourneyPure dated September 2, 2021.  A copy of said Consent to Assignment is attached hereto as Exhibit 2.
>
> 12.    The Consent to Assignment provided that JourneyPure "intend[ed] to sell substantially all of its assets to Regard Recovery JP, LLC . . . pursuant to an Equity Purchase Agreement . . ."  Specifically, the parties agreed, *inter alia*, that "the [Lease] will continue in full force and effect in accordance with its terms following the Closing."

---

[1]  The other Appellants named in the caption are entities either directly or tangentially associated with JourneyPure Bowling Green, LLC.  To be clear, the underlying lease was executed by a representative of JourneyPure Bowling Green, LLC.  Therefore, we will reference that Appellant as "Lessee."  The other corporate entities will be discussed as necessary.

13. Article 14.1 of the Lease Agreement provided that "[i]n the event Tenant assigns the Lease or sublets the Premises, Tenant shall continue to be liable for all payments and performance under this Lease unless released by Landlord, which release may be granted or denied in Landlord's sole discretion."

14. Medical Center Albany consented to the assignment but did not release JourneyPure from its obligations under the Lease Agreement. JourneyPure remained responsible for its obligations under the Lease Agreement, particularly its obligation to pay rent on time.

After the time for filing an Answer expired, Appellee filed a motion for a default judgment on July 26, 2023. A hearing on the motion was held on August 10, 2023. Appellants did not attend, and a default judgment was ordered.[2] Appellants filed an Answer on August 23, 2023. In an order entered on September 22, 2023, the circuit court granted Appellee's motion to strike the Answer and entered a default judgment in Appellee's favor "in the amount of $437,930.00, plus pre-judgment interest in the amount of $28,777.28, [and] post-judgment interest at the legal rate of 6% from the date of entry of this order to the date the default judgment amount is paid in full, and attorney's fees and court costs to be determined at a later date by the Court." Appellee filed a Notice of Judgment Lien on December 13, 2023.

---

[2] It is unclear whether the court entered a default judgment from the bench at the hearing. In any event, in an order entered on September 22, 2023, the court memorialized that the default judgment was "[g]ranted on August 10, 2023 . . . ."

Appellants filed a motion to set aside the default judgment and to release the judgment lien.  In an order entered on January 25, 2024, the court denied the then "pending motions."  Therein, the court denied the motions to set aside the default and to release the lien.[3]  Appellants appeal to this Court as a matter of right.  For the following reasons, we affirm in part, reverse in part, and remand.

## STANDARD OF REVIEW

"Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse."  *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988) (citation omitted).  A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (internal quotation marks and citation omitted).  CR[4] 55.02 provides:  "For *good cause shown* the court may set aside a judgment by default in accordance with Rule 60.02."  (Emphasis added.)  *See VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d

---

[3]  The court granted Appellants' motion to file a counterclaim in an order entered on January 19, 2024.

[4]  Kentucky Rules of Civil Procedure.

-4-

284, 287 (Ky. 2019) ("Good cause is not mere inattention on the part of the defendant . . . .") (citation omitted).

CR 60.02 provides in relevant part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect . . . or (f) any other reason of an extraordinary nature justifying relief." "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With these standards in mind, we now return to the present case.

## ANALYSIS

For their first argument, Appellants contend that the circuit court's "Order on Pending Motions" was interlocutory. "It is fundamental that a court must have jurisdiction before it has authority to decide a case." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005). "Our rules require that there be a final order or judgment from which an appeal is taken." *Id.* (footnote omitted). CR 54.01 defines a final and appealable order as, "a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02."

In an action involving multiple claims and/or multiple parties CR 54.02(1) permits the circuit court to make an otherwise interlocutory order final and appealable upon a determination there is no just cause for delay. *Turner Constr. Co. v. Smith Bros., Inc.*, 295 S.W.2d 569 (Ky. 1956). It is within the circuit court's discretion to "release" a claim for appeal. *See Watson v. Best Fin. Servs., Inc.*, 245 S.W.3d 722, 726 (Ky. 2008). However, if an order is inherently interlocutory, CR 54.02 finality recitations cannot make it final. *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky. 1975).

To be clear, the order from which the appeal is taken includes recitations mandated by CR 54.02(1). Nevertheless, Appellants assert that the order is an interlocutory, in part, because its pending counterclaims negate finality. We disagree. *See Watson*, 245 S.W.3d at 726 ("By the express provisions of CR 54.02, however, a trial court may grant a final judgment on less than all the claims when more than one claim for relief is presented in an action, even when the remaining claim is a counterclaim."). There is no further indication that the order from which Appellants appeal is inherently interlocutory, or otherwise impermissible for purposes of appellate review. We will now address the merits of the motion to set aside the default.

"Factors to consider in deciding whether to set aside a judgment are: (1) valid excuse for default, (2) meritorious defense, and (3) absence of prejudice

-6-

to the other party." *Perry v. Central Bank and Trust Company*, 812 S.W.2d 166, 170 (Ky. App. 1991) (citation omitted). In the present case, the default judgment and order denying the motion to set aside the default judgment do not specify the court's reasoning for its rulings. And there is no indication that Appellants requested additional findings. *See* CR 52.04. As to the merits of the setting aside the default judgment, Appellants do not provide any arguments or evidence that would necessitate setting aside the default judgment in this instance. Indeed, Appellants' substantive arguments for setting aside the default judgment are mostly confined to their reply brief. We have considered these arguments and find them unpersuasive. Instead, Appellants' primary issues on appeal challenge the alleged interlocutory nature of the appeal, damages, and the judgment lien. Having dispensed with the former, we proceed to address the latter two issues.

Appellants contend that the circuit court erred by not holding a hearing on damages pursuant to CR 55.01. First, Lessees did not appeal from the default judgment itself, only the order denying the motion to set aside.[5] Further, nothing in the plain language of CR 55.01 requires a damages hearing. Pursuant to the relevant portion of that permissive rule, a hearing is required only *if* "it is

___

[5] *See* Kentucky Rules of Appellate Procedure (RAP) 2(B)(1)(b). Nevertheless, we will treat the default judgment as merged with the order denying the motion to set aside that judgment. *See* *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994) ("Excepting for tardy appeals . . . we follow a rule of substantial compliance.").

necessary to take an account or to determine the amount of damages . . . ." CR 55.01. *See also State Farm Ins. Co. v. Edwards*, 339 S.W.3d 456, 460 n.3 (Ky. 2011) ("We note that under the plain language of CR 55.01 the trial judge should exercise discretion . . . .").

However, we believe that a damages hearing was necessary here. On remand, the circuit court shall consider relevant evidence of contract damages resulting from breach of the Lease. These damages include, without limitation: rental payments owed, acceleration of rental payments, fees, penalties, or any other damages arising under the express terms of the Lease, for which sufficient evidence has been presented to the court entitling Appellee to such damages. Potential mitigation evidence shall also be considered in the court's determination and calculation. The court shall specify its findings. *Deskins v. Estep*, 314 S.W.3d 300, 305 (Ky. App. 2010) (Taylor, J., presiding) (reversing and remanding with directions that the circuit court conduct an evidentiary hearing on damages arising from default judgment).

And because we are remanding for a damages hearing, we need not address the merits of Appellants' argument concerning the judgment lien arising from the default judgment award. Moreover, the only order presented to this Court approving the judgment lien was the circuit court's "Order on Pending Motions." That order, from which the present appeal was taken, simultaneously denied

Appellants' motion to release the lien, and their motion to set aside the default judgment. Therefore, any potential injury between the filing of a judgment lien and the final and appealable order at issue here, lacks any concrete basis from which a remedy could be ordered by this Court.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the default judgment. The order of Clinton Circuit Court awarding damages to Appellee is REVERSED and REMANDED with directions that the circuit court conduct an evidentiary hearing on damages consistent with this Opinion.

KAREM, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

TAYLOR, JUDGE, CONCURRING: I agree with the majority that a damage hearing is required in this case as the damages alleged below are unliquidated for which an evidentiary hearing is mandated by the circuit court under CR 55.01. *Deskins v. Estep*, 314 S.W.3d 300, 304 (Ky. App. 2010).

In this case, the court awarded damages in the order entered September 22, 2023, totaling $437,930 plus prejudgment and post-judgment interest and attorney's fees. Presumably this calculation was based on the Lease, Second Addendum to Lease and the affidavit of David Gray, Vice President for the Medical Center. The total rent owed is listed at $337,580 in Gray's affidavit.

While the revised schedule to the Second Addendum to Lease purports to break out monthly installments regarding the annual lease payment of $99,645, neither the schedule nor Gray's affidavit details how the alleged outstanding rent arrearage is calculated. Gray's affidavit states that the default in payment began in October of 2022, and no monthly rent payments had been made up to the date of his affidavit in July of 2023, less than one year under the lease. However, Gray asserts the unpaid rent as of that date was $337,580, yet the annual rent owed under the lease was only $99,645. Presumably, Gray included the 5 percent monthly penalty for the late payment of rent or simply accelerated the total lease payments remaining due under the lease at the time of default. Again, there is no evidence in the record to support how the rent damages were calculated. Additionally, the lease provided for $50,000 of leasehold improvements to be paid by JourneyPure but there is no evidence in the record regarding whether those improvements were completed. Similarly, the claim for $10,300 in meals provided by the Medical Center is not adequately established in the record below.

Accordingly, the actual damages claim is not ascertainable from the record which reflects that the damages are unliquidated and an evidentiary hearing upon remand is warranted in accordance with CR 55.01 and CR 52.01. I would also note that the court awarded attorney fees which are also unliquidated and

should be established at the damages hearing. *Key v. Mariner Finance, LLC*, 617

S.W.3d 819, 825 (Ky. App. 2020).


BRIEFS FOR APPELLANTS:        BRIEF FOR APPELLEE:

April A. Wimberg                   Charles E. English, Jr.
Cara Alexiou                        John A. Sowell
Louisville, Kentucky              Bowling Green, Kentucky